Gallagher & Moore
Leslie T. Riasanovsky, Of Counsel (SBN 121111)
Email: lr@gallagherandmoore.com
Frederick C. Moore, Esq. (SBN 122652)
Email: fmoore@gallagherandmoore.com
2 Park Plaza, Ste. 680
Irvine, California 92614
Tel: (949) 955-9121
Fax: (949) 955-2875

Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of Millennium Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DUFOUR, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>ROBERT ALLEN an individual, ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL L.C a Utah corporation, ENLIGHTENED WEALTH INSTITUTE, L.C. a Utah corporation, PROSPER INC., a Utah corporation, GREEN PLANET SERVICES, an unknown business entity, OPTEUM FINANCIAL SERVICES, an unknown business entity, MIDLAND MORTGAGE COMPANY, an unknown business entity, AURORA LOAN SERVICES, an unknown business entity, SHERSON LEHMAN, an unknown business entity, MILLENIUM HOME LOANS, an unknown business entity, CHARLIE PAYNE, an individual, and DOES 1 through 100, inclusive,<br><br>           Defendants. | CASE NO.:<br><br>(Formerly Case No. BC 478 588 in the Los Angeles County Superior Court)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT FEDERAL DEPOSIT INSURANCE, AS RECEIVER OF MILLENNIUM BANK, N.A.** |

      Pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441, the Federal Deposit Insurance Corporation, as receiver of defendant Millennium Bank, N.A. ("**FDIC-Receiver**"), hereby removes the above-captioned lawsuit from the Los Angeles County Superior Court ("**State Court**"), in which

it is currently pending, to the United States District Court for the Central District of California.  As grounds for the removal of this case, FDIC-Receiver states as follows:

## BACKGROUND

1. On February 28, 2014, the Office of the Comptroller of the Currency ("**OCC**") appointed the FDIC-Receiver as receiver of Millennium Bank, N.A. of Sterling, Virginia ("**Failed Bank**").  True and correct copies of the OCC's Receivership Determination and Appointment of Receiver, dated February 28, 2014, and the FDIC-Receiver's letter accepting the appointment as receiver, are attached hereto as **Exhibit "A"** hereto and incorporated by this reference.

2. As a result of its appointment as receiver of the Failed Bank, the FDIC-Receiver has succeeded to all rights, titles, and powers and privileges of the Failed Bank, pursuant to 12 U.S.C. § 1821 (c)(3)(A).  *See also* 12 U.S.C. § 1821(d)(2)(A)(i) (providing that the FDIC as receiver of a failed institution succeeds to all of rights, title, and interests to books, records, and assets of the institution).

3. Any person asserting a claim against the Failed Bank or the FDIC-Receiver in connection with the performance of its duties as receiver for the Failed Bank must comply with the administrative claims procedure set forth at 12 U.S.C. Section 1821(d)(3)-(13); until a claimant exhausts the administrative claims process, no court has jurisdiction over the claimant's claims.  12 U.S.C. Section 1821(d)(13)(D); *Henderson v. Bank of New England*, 986 F.2d 319 (9th Cir. 1993); *McCarthy v. FDIC*, 348 F.3d 1075 (9th Cir. 2003); *Benson v. JPMorgan Chase Bank, N.A.,* 673 F.3d 1207 (9th Cir. 2012).  If the FDIC-Receiver disallows an administrative claim, a claimant may file suit or continue an action commenced before the appointment of the receiver in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia. 12 U.S.C. §1821(d)(6).

4. On December 27, 2013, Frank DuFour ("**Plaintiff**") filed a Fourth Amended Complaint For: 1) Fraud and Misrepresentation; 2) Fraud and Mispresentation; 3) Negligence; 4) Breach of Good Faith and Fair Dealing; and 5) Constructive Trust in the State Court against "Millennium Home Loans, an unknown business entity" and numerous other defendants (hereinafter,

"**Fourth Amended Complaint**").  A true and correct copy of the Complaint is attached as **Exhibit "B"** hereto and incorporated by this reference.

5.   Following the appointment of the FDIC-Receiver as receiver of the Failed Bank, the Plaintiff filed an administrative claim for $750,000 with the FDIC-Receiver.   The FDIC-Receiver disallowed Plaintiff's administrative claim by written notice dated May 15, 2014.

6.   On or about May 21, 2014, after the FDIC-Receiver's disallowance of Plaintiff's administrative claim, the Plaintiff submitted to the State Court a proposed form of Amendment to Complaint alleging that the true name of defendant Millennium Home Loans was "Millennium Bank, N.A., an unknown business or banking entity" and amending the Fourth Amended Complaint by substituting such name for the incorrect name wherever it appears in the Fourth Amended Complaint (hereinafter, "**Amendment to Complaint**").  On May 30, 2014, the State Court ordered the amendment approved and filed.  A true and correct copy of the Amendment to Complaint is attached as **Exhibit "C"** hereto and incorporated by this reference.

## BASIS FOR REMOVAL

7.   Removal of this case is made pursuant to 28 U.S.C. § 1441(b) which provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

8.   Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A); *see also Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705 707 (9th Cir. 1995).  When the FDIC is a party, the entire action is deemed to arise under the laws of the United States.  *See Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

9.   In addition, the FDIC has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et seq*.  Specifically, 12 U.S.C. § 1819(b)(2)(B) provides in pertinent part:

|     |     |
| --- | --- |
| 1   | (B) Removal |
| 2   | Except as provided in subparagraph (D), the Corporation may, without |
| 3   | bond or security, remove any action, suit, or proceeding from a State |
| 4   | court to the appropriate United States district court before the end of |
| 5   | the 90-day period beginning on the date of the action, suit, or |
| 6   | proceeding is filed against the Corporation or the Corporation is |
| 7   | substituted as a party. |

10. The instant Notice of Removal is being brought within the 90-day period of § 1819(b)(2)(B) from the date in which the Amendment to the Complaint adding the Failed Bank was filed in the State Court.

11. Because the FDIC-Receiver stands in the shoes of the Failed Bank and, as a consequence, is a party to the State Court action, the entire State Court action must be removed to the United States District Court for the Central District of California. Because FDIC-Receiver has an independent statutory right to remove, FDIC-Receiver may do so without the joinder of any other defendants. Davis v. FSLIC, 879 F.2d 1288, 1289 (5th Cir. 1989).

12. Pursuant to 28 U.S.C. § 1446(d), the FDIC-Receiver will promptly serve notice of the filing of this removal on all parties of record in the State Court action and the Clerk of the Los Angeles County Superior Court.

13. Venue presently lies with this Court as this action was pending in the Los Angeles County Superior Court. However, the FDIC-Receiver reserves the right to move for the transfer of this action to the United States District Court for the Eastern District of Virginia or the United States District Court for the District of Columbia pursuant to 12 U.S.C. §1821(d)(6)(A).

NOTICE OF REMOVAL TO FEDERAL COURT BY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF DEFENDANT MILLENNIUM BANK, N.A.

14. In accordance with 28 U.S.C. § 1446(a), copies of the Fourth Amended Complaint, Amendment to Complaint, and Summons are attached as **Exhibit "B,"** **"C,"** and **"D"** hereto and incorporated by this reference.

Dated: July 18, 2014                     GALLAGHER & MOORE


By:_____
Leslie T. Riasanovsky, Of Counsel
Attorneys for the Federal Deposit
Insurance Corporation as Receiver of
defendant Millennium Bank, N.A.
Email: lr@gallagherandmoore.com

5
NOTICE OF REMOVAL TO FEDERAL COURT BY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF DEFENDANT MILLENNIUM BANK, N.A.