1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

UNITED STATES OF AMERICA
OFFICE OF THE COMPTROLLER OF THE CURRENCY
WASHINGTON, D.C.

**Receivership Determination and Appointment of Receiver**

Millennium Bank, National Association
Sterling, Virginia
Charter Number 23828

**WHEREAS,** the Comptroller of the Currency has delegated to me the authority to appoint a receiver for a national bank under 12 U.S.C. §§ 191 and 1821(c)(5);

**WHEREAS,** the above captioned bank ("Bank") is insured by the Federal Deposit Insurance Corporation;

**WHEREAS,** from information available to the Office of the Comptroller of the Currency ("OCC") and pursuant to 12 U.S.C. § 191, I have determined that the following grounds exist for the appointment of a receiver for the Bank:

(1) The Bank has experienced substantial dissipation of assets or earnings due to any unsafe or unsound practice. 12 U.S.C. § 1821(c)(5)(B)(ii).

(2) The Bank is in an unsafe or unsound condition to transact business. 12 U.S.C. § 1821(c)(5)(C).

(3) The Bank's unsafe or unsound practices or conditions are likely to cause insolvency or substantial dissipation of assets or earnings. 12 U.S.C. § 1821(c)(5)(H)(i).

(4) The Bank's unsafe or unsound practices or conditions are likely to weaken the Bank's condition. 12 U.S.C. § 1821(c)(5)(H)(ii).

(5) The Bank's unsafe or unsound practices or conditions are likely to seriously prejudice the interests of the Deposit Insurance Fund. 12 U.S.C. § 1821(c)(5)(H)(iii).

(6) The Bank has incurred or is likely to incur losses that will deplete all or substantially all of its capital, and there is no reasonable prospect for the Bank to become adequately capitalized (as defined in 12 U.S.C. § 1831o(b)) without Federal assistance. 12 U.S.C. § 1821(c)(5)(G).

(7) The Bank is undercapitalized (as defined in 12 U.S.C. § 1831o(b)), and has no reasonable prospect of becoming adequately capitalized (as defined in 12 U.S.C. § 1831o(b)). 12 U.S.C. § 1821(c)(5)(K)(i).

(8) The Bank is undercapitalized (as defined in 12 U.S.C. § 1831o(b)), and failed to submit a capital restoration plan acceptable to the OCC within the time prescribed under 12 U.S.C. § 1831o(e)(2)(D). 12 U.S.C. § 1821(c)(5)(K)(iii).

(9) The Bank is critically undercapitalized, as defined in 12 U.S.C. § 1831*o*(b). 12 U.S.C. § 1821(c)(5)(L)(i).

**WHEREAS**, in my discretion, I have determined that the Federal Deposit Insurance Corporation should be appointed Receiver for the Bank;

**NOW THEREFORE**, pursuant to 12 U.S.C. §§ 191 and 1821(c) and the power, duty, and authority vested in me by law, I do hereby appoint the Federal Deposit Insurance Corporation as Receiver for the Bank, with all of the powers, duties, and responsibilities given to or imposed upon a receiver under the provisions of the laws of the United States which authorize and direct the appointment of such receiver.

_____
John C. Lyons
Senior Deputy Comptroller for Bank Supervision Policy
   and Chief National Bank Examiner

Dated: February 28, 2014



**FDIC**
Division of Resolutions and Receiverships
Dallas Regional Office
1601 Bryan Street
Dallas, Texas 75201

Telephone (214) 754-0098

February 28, 2014

Office of the Comptroller of the Currency
400 7th Street, SW
Washington, DC 20219

Subject:   **Millennium Bank, National Association**
**Sterling, Virginia – In Receivership**
**Acceptance of Appointment as Receiver**

Dear Sir or Madam:

Please be advised that the Federal Deposit Insurance Corporation accepts its appointment as Receiver of the captioned depository institution, in accordance with the Federal Deposit Insurance Act, as amended.

Sincerely,

FEDERAL DEPOSIT INSURANCE CORPORATION


By: _____
Name:  Roger D. Johnson
Title:    Receiver-in-Charge


H.01.b LDCMFI/Accept Appointment as Receiver.doc

04/08