UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Andrew Kulick | Charles Perschon<br>Artin Betpera<br>William Nash | |

**Proceedings:** DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. #17, filed August 7, 2014)

## I.   INTRODUCTION

The procedural history of the instant action is complex, as set forth in the Background section below. In brief, Plaintiff Frank DuFour first filed a complaint in the instant action on February 8, 2012, in Los Angeles Superior Court. See Def.'s Request for Judicial Notice ("DRJN") Ex. 1.[1] DuFour filed the Fourth Amended Complaint

---

[1]Although when ruling on a Rule 12(b)(6) or (c) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)(Rule 12(b)(6)); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (Rule 12(c)). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Though a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not. . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell, 266 F.3d at 988.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

("FAC") on Dec. 27, 2013, also in Los Angeles Superior Court. In brief, the FAC asserts that two individuals, Kenny Gregg ("Gregg") and Trent Staggs ("Staggs"), fraudulently induced DuFours to purchase investment properties located in Jackson, Mississippi. On May 19, 2014–after the Superior Court entered summary judgment on the FAC in favor of defendants–DuFour filed the so-called "cross-cross complaint" ("CCC") that defendants seek to dismiss through this motion. See DRJN Ex. 12. The CCC asserts claims for (1) Broker Liability for Intentional Non-Disclosure of Material Facts, (2) Unfair Business Practices, (3) Cancellation of Instruments, (4) Declaratory Relief, (5) Breach of Contract, and (6) Violation of RICO Statute.

On February 28, 2014, the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver of defendant Millennium Bank, N.A., a failed bank. Dkt. #1. On July 19, 2014, the FDIC removed this action to federal court based on federal question jurisdiction.[2] Id. The case was originally assigned to the Honorable District Judge Ronald S.W. Lew on July 21, 2014. Dkt. #5. However, because it is related to a case previously pending in this Court, the case was transferred to the Honorable District Judge Christina A. Snyder on July 25, 2014. Dkt. #10.

On August 7, 2014, defendants Freedom Home Mortgage Corporation ("Freedom"), Prosper, Inc. ("Prosper"), Robert Allen ("Allen"), Education Success Inc. ("ESI"), and Enlightened Wealth Institute ("EWI") filed a Joint Motion for Judgment on the Pleadings. Dkt. #17. On August 11, 2014, defendant Enlightened Millionaire Institute, L.C. ("EMI") joined in the previously filed joint motion. Dkt. #22. On August 26, 2014, DuFour filed an opposition to this motion. Dkt. #33. Defendants replied on

---

Here, defendants' request for judicial notice contains court documents pertaining to DuFour's Superior Court and previous federal court actions. DuFour does not contest the authenticity of these documents. Accordingly, the Court GRANTS defendants' request for judicial notice, to the extent the Court relies on such documents herein. Similarly, DuFour requests judicial notice of court documents relating to his state court action as well as a copy of an unpublished California Court of Appeal case. The Court therefore GRANTS DuFour's request for judicial notice, to the extent the Court relies on such documents herein.

[2] Any civil suit in which the FDIC is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

August 29. Dkt. #34. The Court held a hearing on the instant motion on September 15, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

### A.  Procedural Background

Prior to initiating this action, DuFour filed a related lawsuit in Los Angeles County Superior Court on May 28, 2009, that was later dismissed for lack of prosecution. CCC ¶ 30. DuFour also filed a lawsuit in this Court on September 28, 2011, which was later dismissed for lack of subject matter jurisdiction. Id. ¶ 32. DuFour first filed a complaint in the instant action on February 8, 2012, in Los Angeles County Superior Court. See DRJN Ex. 1. On November 22, 2013, the Superior Court sustained without leave to amend (1) demurrers to DuFour's claims for rescission of the investment properties and the mortgages he used to finance those purchases; (2) demurrers to DuFour's claims for breach of the covenant of good faith and fair dealing against Prosper and EWI; and (3) a motion to strike DuFour's request for punitive damages. See DRJN Ex. 7. DuFour filed the FAC on December 27, 2013, also in the Los Angeles County Superior Court. Dkt. #1 Ex. B. The FAC asserts two claims for fraud and misrepresentation as well as claims for negligence, breach of good faith and fair dealing, and constructive trust. Id.

Just prior to the filing of the FAC, Prosper filed a cross-complaint for breach of contract against DuFour on December 23, 2013. See DRJN Ex. 10. This cross-complaint alleged that DuFour breached the Enrollment Agreement he signed with Prosper by failing to fulfill his obligations as an enrollee in the course and refusing to mediate or arbitrate his dispute. Id. ¶¶ 18-22. The Honorable Mary H. Strobel overruled a demurrer to this cross-complaint on April 25, 2014. See id.

On May 2, 2014, Judge Strobel entered an order granting a summary judgment motion brought by defendants Freedom, Prosper, ESI, and Allen on the grounds that the DuFour's fraud, negligence, and breach of implied covenant claims asserted against those defendants in the FAC were barred by the applicable statutes of limitations. See DRJN Ex. 8. This order, with one addition discussed below, adopted the Court's earlier tentative ruling. In so ruling, Judge Strobel found that DuFour's fraud claims accrued no later than May 2008 when he demonstrated notice of defendants' allegedly fraudulent behavior and concealed business relationships. See DRJN Ex. 8 (Minute Order at 5). Judge Strobel also found that DuFour's contract claim against Allen failed as a matter of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

law because there was no evidence of a contract with Allen and, even if there was a contract, the action was not filed within the two-year statute of limitations applicable to oral contracts. Id. (Minute Order at 7). On May 12, 2014, Judge Strobel entered an order granting a motion for summary judgment by EWI because of DuFour's failure to file claims asserted in the FAC within the statute of limitations. See DRJN Ex. 9. Notices of entry of these orders were filed on May 6, 2014, and May 23, 2014, respectively. See id. Exs. 8, 9.

      On May 19, 2014, DuFour answered Prosper's cross-claim and also filed the CCC. See DRJN Ex. 12. Also on May 19, 2014, DuFour objected to the proposed judgments submitted by defendants based on Judge Strobel's orders granting summary judgment. See DRJN Exs. 13-15. DuFour argued that because he had filed the CCC, there was "pending litigation" that prevented the court from entering judgments on the FAC. See id. Freedom, Prosper, and EWI filed a joint motion to strike the CCC on the ground that it was not a pleading authorized by California law and effectively a Fifth Amended Complaint filed without leave of the court. See DRJN Ex. 18. On July 11, 2014, the Honorable Marc Marmaro, conducting a hearing on the objections and motion to strike in Judge Strobel's absence, denied without prejudice the motion to strike. See DRJN Ex. 19. The court reasoned that the CCC "may be considered as a cross-complaint to a cross-complaint," and that California procedural law did not bar the filing of the CCC without leave of court. Id. (Tentative Ruling at 2-4). Freedom's reply to the motion to strike had also argued that the CCC was not authorized by California Code of Civil Procedure § 428.10. Judge Marmaro "defer[red] ruling" on that issue, but noted that the CCC "appears to relate to the same basic controversy at issue in the cross-complaint, namely the Enrollment Agreement with Prosper and the real estate transactions related to that Agreement," and therefore "appear[ed] . . . permissible" pursuant to § 428.10.[3]

      Judge Marmaro also sustained DuFour's objections to the entries of proposed judgments on the FAC, also without prejudice to later reconsideration. Id. The court

---

[3] Judge Marmaro noted the "entirely procedural" nature of his ruling and stated that defendants "preserve all appropriate substantive challenges to the underlying claims asserted in the [CCC], including challenges based on the Court's prior summary judgment ruling." DRJN Ex. 19 (Tentative Ruling at 5). The state court further stated that "[i]t would be an anomalous result if this current pleading could be used to reassert or revive the already ruled on claims, albeit in a different pleading." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

based this ruling on California Code of Civil Procedure § 437(k): "Except when a separate judgment may properly be awarded in the action, no final judgment may be entered on a motion for summary judgment prior to the termination of the action . . . ." The court declined to exercise its discretion under § 579 to enter separate judgments against defendants other than Prosper. DRJN Ex. 19. As stated above, the FDIC then appeared in this action and removed it to federal court on July 19, 2014.

### B. Factual Background

#### 1. The FAC's Allegations

The FAC alleges that defendant Robert Allen ("Allen") is the co-founder of EWI, an entity which offers real estate investment instruction. FAC ¶ 5. Dufour alleges that EMI, also a defendant, is another incarnation of Allen's same business model. Id. DuFour claims that EWI deceptively promotes investment methods that are "nothing more than a variety of highly risky property acquisition schemes, including illegal 'flipping' of real estate, that are themselves deceptive." Id. ¶ 6. DuFour avers that EWI misrepresents the feasibility of its program, and that its touted success stories made their money from marketing investment schemes to fellow students, not from legitimate real estate investments. Id. ¶ 8. DuFour claims that Allen or EWI contacted him in January 2006 and invited him to attend a wealth building seminar. Id. ¶ 30. DuFour contends that, after a sham interview process, he subsequently paid thousands of dollars to enroll in the EWI course. Id. ¶¶ 31-32, 56-58. DuFour alleges that Prosper is a corporation affiliated with Allen and other defendants. Id. ¶ 4. DuFour claims that after DuFour was referred to Prosper by Allen, Prosper employees including Todd Benson ("Benson") provided DuFour with training materials and ten weeks of coaching and eventually connected DuFour with other players in the alleged scheme. Id. ¶¶ 32-34.

DuFour alleges that Freedom is a mortgage company liable in *respondeat superior* for the actions of Staggs and Gregg. Id. ¶ 18. DuFour alleges that Prosper led him to Staggs and Gregg, who counseled him in connection with a series of Jackson, Mississippi real estate investments between March 2006 and December 2009 or January 2010. Id. ¶ 37. DuFour claims that Gregg misled DuFour as to the values and prospects of these investments. Id. ¶¶ 38-39, 44-45. DuFour also alleges that Gregg and Staggs deceptively induced DuFour to finance his investments through entities and persons with which they were affiliated. Id. ¶¶ 41-44. DuFour claims that Gregg falsely told him that he did not need a licensed Mississippi real estate agent to transact his purchases, and that Gregg

Case 2:14-cv-05616-CAS-SS  Document 46  Filed 09/15/14  Page 6 of 17  Page ID #:1562

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

could represent both parties as broker.  Id. ¶ 66.  DuFour also alleges that Gregg managed DuFour's properties ineffectively and dishonestly.  Id. ¶¶ 47-48.  DuFour claims that defendants collectively benefitted financially from his real estate transactions through concealed business relationships.  Id. ¶¶ 41 (referring 95.  DuFour further alleges that Allen breached the implied contractual duty of good faith and fair dealing by failing to disclose that Freedom, Benson, Gregg, and Staggs "were all doing business together" with Prosper, which was "associated with, affiliated and involved in a joint venture business arrangement with . . . Allen and EWI."  Id. ¶ 115.

   2.  The CCC's Allegations

  The CCC also concerns DuFour's experiences with the real estate investment course and subsequent investments, but alleges claims against a narrower group of defendants, all of whom have joined in this motion.  DuFour alleges, as he does in the Fourth Amended Complaint, that Allen solicited DuFour to join a real estate investment education program, for which he paid thousands of dollars after a sham interview process.  CCC ¶ 6.  DuFour claims at the time, and unbeknownst to DuFour, Prosper was engaged in a joint venture mortgage brokerage and banking business with Staggs Financial Group ("SFG").  Id. ¶ 9.  DuFour alleges that, under this agreement, Prosper received a roughly 10% interest in SFG and a 30% share of net revenue generated from "exclusive referrals of students who had a high likelihood of resulting in a closed loan on a consistent basis."  Id. (internal quotation marks omitted).  DuFour contends that Staggs and Gregg later became branch managers for Freedom, id. ¶ 12, and that Freedom also conspired in and profited from the referral arrangement, id. ¶¶ 14-15, 50.  DuFour alleges that this arrangement was concealed from him, creating the illusion that his real estate transactions were financed through third-party lenders.  Id. ¶ 15.  DuFour claims that Prosper's concealment of their mortgage operations was an intentional non-disclosure of material fact giving rise to broker liability, and also breached privacy provisions in the agreement between DuFour and Prosper.  Id. ¶¶ 36-39.  DuFour alleges that Allen was also involved in this alleged concealment.  Id. ¶ 63.  DuFour also contends that the undisclosed arrangement between Prosper and SFG and Freedom precluded DuFour from obtaining services he was entitled to under law, including independent appraisal and shopping DuFour's loan to other lenders who might have offered more favorable terms.  Id. ¶¶ 43-45.

  DuFour further alleges that, after the ten-week period during which he was coached by Benson and studied the provided materials, he was "enticed to purchase 8

Case 2:14-cv-05616-CAS-SS Document 46 Filed 09/15/14 Page 7 of 17 Page ID #:1563

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

parcels of real estate . . . in Mississippi, 6 of which are the subject of [DuFour's] original complaint." Id. ¶¶ 10-12. DuFour alleges that Staggs and Gregg, acting for Prosper and Freedom, misled him about the value of these investment properties and never informed him of the alleged "kickback" arrangement. See id. ¶¶ 16, 21, 25.

DuFour alleges that an attorney sent Prosper a May 2008 letter detailing his concerns regarding Prosper's financial relationship with Staggs and his companies. Id. ¶ 23. DuFour claims that, in response, an attorney for Prosper admitted Prosper's having a small financial interest in SFG but denied having an improper referral arrangement. Id. ¶ 24. DuFour contends that he subsequently filed a complaint with the California Department of Corporations relating to Freedom's alleged misrepresentations concerning the Mississippi properties and DuFour's loans. Id. ¶ 25. DuFour alleges that Freedom subsequently responded to the complaint and denied wrongdoing. Id. ¶ 26. DuFour maintains that although he was "suspicious of wrongdoing" at the time he made his complaint to the Department of Corporations, he was "unable to acquire enough facts leading to circumstances triggering a reasonable inquiry beyond that which he had done since both Prosper and Freedom refused and suppressed valuable factual information." Id. ¶ 27.

## III. LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

      In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

      Furthermore, unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

## IV. DISCUSSION

### A. DuFour's Procedural Arguments

Before addressing the merits of defendants' motion, the Court addresses several procedural arguments raised by DuFour. He first argues that plaintiffs improperly filed a joint Rule 12(c) motion, but there is nothing improper about a joint motion for judgment on the pleadings. See, e.g., Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937, 943 (9th Cir. 2011) (affirming a district court's granting of a joint Rule 12(c) motion). DuFour next alleges that defendants failed to comply with Judge Marmaro's meet and confer order. Even assuming that to be the case, the parties' meet and confer obligations since removal are governed by this Court's Local Rule 7-3. DuFour does not dispute defendants' statement that this motion was "made following the conference of counsel pursuant to L.R. 7-3 which first took place on July 29, 2014, and was concluded on August 4, 2014. Dkt. #17. Therefore, no alleged failure of defendants to meet and confer affects this motion.

DuFour also argues that defendants' motion is "gravely flawed" because they did not file answers to the CCC before filing this motion and therefore could only file a Rule 12(b)(6) motion. As noted above, however, the inquiries under Rules 12(b)(6) and 12(c) are "functionally identical," so the Court's analysis is not impacted by the label applied. See Cafasso, United States ex rel v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citing numerous cases). Nevertheless, in DuFour's objection to the declaration attached to defendants' Reply, he argues that "[t]he function of a Rule 12(b)(6) motion to dismiss for failure to state a claim is different from a Rule 12(c) motion." Objection Decl. Betpera at 3. He appears to assert that he has been prejudiced by insertion of evidentiary material proper under Rule 12(b), but not 12(c).

First, the objected-to declaration attachments concern the briefing schedule following the denial of defendants' motion to strike the CCC. They are in no way relevant to any statute of limitations question or other dispositive issue in this motion. Second, to the extent DuFour intends to object to other evidentiary material, it does not implicate Rule 12(b)(6) or (c). The only other materials outside of the pleadings submitted by defendants are court documents for judicial notice, the authenticity of which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

DuFour does not question.[4] "Facts subject to judicial notice may be considered on a Rule 12(c) motion." Erickson v. Boston Sci. Corp., 846 F. Supp. 2d 1085, 1089 (C.D. Cal. 2011); see also Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding on appeal of a Rule 12(c) motion that a court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts"). Of course, "when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). But the Court does not find relevant any dispute over the applicability of Rules 12(b)(6) or (c).[5]

    **B.**     **Duplicative Complaint**

The doctrine sometimes referred to as "claim-splitting" provides that "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation marks omitted). This common law doctrine is "similar to claim preclusion, but . . . do[es] not require a prior [final] judgment." 18 Federal Practice and Procedure § 4406 (2d ed. 2014); see also Hartsel Springs Ranch v. Bluegreen Corp., 296 F.3d 982, 987 n.1 (10th Cir. 2002) (explaining that "a motion to dismiss based on improper claim-splitting need not–indeed, often cannot–wait until the first suit reaches final judgment."). Rather, the "appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007) (quoting Hartsel Springs Ranch, 296 F.3d at 987 n.1). "A dismissal on this ground has been viewed as a matter of docket management, reviewed for abuse of discretion." 18 Federal Practice and Procedure § 4406 (2d ed. 2014). Defendants argue that the claim-splitting doctrine applies and should be invoked here to prevent DuFour from "evading or circumventing a prior adverse court order." Mot. at 9 (citing Adams, 487 F.3d at 688).

---

    [4]DuFour similarly requests judicial notice of court documents.

    [5]Because the Court does not rely on the objected-to evidence, it need not decide DuFour's objection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

  DuFour argues that "the claim splitting doctrine is not applicable because there is but one action filed, wherein a complaint, cross-complaint, and cross-complaint to the cross-complaint have been filed." Opp'n at 5. However, California law "characterize[s] a counterclaim as a separate, simultaneous action."[6] Skeff v. Small Claims Court, 68 Cal. 2d 76, 78 (1968). As the California Supreme Court stated long ago, "cross actions . . . are still distinct and independent causes of action, so that when properly interposed and stated the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant." Pac. Fin. Corp. v. Superior Court, 219 Cal. 179, 182 (1933); see also Ohio Casualty Ins. Grp. V. Superior Court, 30 Cal. App. 4th 444, 448 (1994) ("A cross-complaint is generally considered to be a separate action from that initiated by the complaint."). This rule reflects "the principle that the issues presented upon a cross-complaint and answer are entirely separate and distinct from the issues raised upon the original complaint and answer." Id. There is no reason why this settled rule of law should not apply equally to DuFour's "cross-cross-complaint." In fact, the logic has even greater force here: while the typical cross-complaint represents the cross-complainant's first and only chance to bring claims against his opponent, DuFour's CCC represents a second chance to assert claims against defendants.

  As noted above, the claim-splitting doctrine borrows heavily from the jurisprudence of claim preclusion, sometimes referred to as "res judicata." See Hartsel Springs Ranch, 296 F.3d at 986 (citing several cases for the proposition that "recent cases analyze claim-splitting as an aspect of res judicata"). Because the Court is asked to determine the preclusive effect, if any, of an interlocutory state court judgment, but the action has now been removed to federal court, the question arises of whether state or federal preclusion law applies. Although the choice of preclusion law where state and federal courts are both involved can sometimes be "bewildering," there is no "difficulty whatever in dealing with the effects of a state-court judgment in a subsequent diversity action brought in a federal court of the state. State law is used as the measure of preclusion, [with courts] often recognizing that the full faith and credit statute [28 U.S.C. § 1738] requires as much." 18B Federal Practice and Procedure § 4472 (2d ed. 2014). This is the clear law in the Ninth Circuit. See, e.g., Palomar Mobilehome Park Ass'n v.

---

  [6]As explained herein, whether California courts would consider the two complaints to be separate actions is relevant because California preclusion principles control the Court's claim-splitting analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

City of San Marcos, 989 F.2d 362 (9th Cir. 1993) ("The Full Faith and Credit Act . . . requires that we give the same preclusive effect to a state-court judgment as another court of that state would give."). At least one circuit court has reversed a district court for applying federal preclusion principles to a claim-splitting argument in a diversity case. See Hartsel Springs Ranch, 296 F.3d at 986 ("Given that our present inquiry, like a traditional claim preclusion analysis, focuses on the preclusive effect to be afforded an earlier lawsuit, we will adhere to this approach, and look to Colorado state law in our analysis of claim-splitting.").

Rather than diversity, this Court's present jurisdiction is based on federal question jurisdiction owing to the entry of the FDIC as a defendant. The Court could find no case addressing the choice of preclusion law question in a precisely analogous situation.[7] Nevertheless, the same principles that counsel application of state preclusion law to previous state court judgments in diversity cases apply here. A California court handled this case from its initiation until very recently, implicating the comity concerns central to our federal system. Moreover, each of the FAC's claims arose under California law. The application of federal preclusion law would be especially odd when the suit is pending in federal court only because a bank defendant, not a party to this motion, failed and came under FDIC receivership. The Court therefore finds that California preclusion principles control the claim-splitting analysis.[8]

Under California law, res judicata has a "double aspect." 7 Witkin, California Procedure § 281 (4th ed. 2004); People v. Barragan, 32 Cal. 4th 236, 252 (2004). In its primary aspect, also known as claim preclusion, a prior judgment is a complete bar on a new suit between the same parties on the same claim; in its secondary aspect, also known

---

[7] In First Pac. Bancorp v. Heifer, 224 F.3d 1117 (9th Cir. 2000), the Ninth Circuit applied federal preclusion law to a state law action that the FDIC had removed to federal court. As distinct from this case, however, the potentially preclusive first action was a federal court case applying federal banking law. Id. at 1128. Heifer is thus consonant with Wright, Miller, and Cooper's suggestion that the modern trend suggests that "[a]lmost all res judicata questions will surely come to be governed by the law of the court that entered the first judgment." 18B Federal Practice and Procedure § 4472.

[8] Although the Court therefore does not apply the Adams test set forth by defendants, it considers the arguments directed at that framework under California principles.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

as issue preclusion, the prior judgment operates "as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Barragan, 32 Cal. 4th at 252–53 (internal quotation marks and citation omitted). The prerequisite elements for applying res judicata to a claim or an issue are the same:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Id. at 253. As noted above, the second element does not apply to a claim-splitting analysis, and there is no dispute that DuFour brought and litigated the claims under the earlier complaints. Therefore, the Court considers whether the CCC asserts the same claims previously litigated.

In determining whether the same claim has been raised for purposes of res judicata, California courts apply the "primary rights" theory, "under which the invasion of one primary right gives rise to a single cause of action . . . . Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) (citation and internal quotation marks omitted).[9] See also Acuña v. Regents of the Univ. of Cal., 56 Cal. App. 4th 639, 648 ( Cal. Ct. App. 1997) ("[T]wo actions constitute a single cause of action if they both affect the same primary right."); Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (Cal. Ct. App. 1992) ("In determining the primary right, 'the significant factor is the harm suffered.'").

The Court finds that the CCC's claims seek redress of the same primary rights asserted in the FAC. Both complaints involve DuFour's purchases of the same

---

[9] In this regard, California law differs from defendant's cited Ninth Circuit preclusion law, which applies the transactional test. See International Evangelical Church of Soldiers of the Cross of Christ v. Church of Soldiers of the Cross of Christ of California, 54 F.3d 587, 591 (1995) (noting that despite a decided modern trend toward the transactional analysis, California retains the primary rights approach).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

investment properties following his enrollment in a real estate education course offered by Prosper. And at bottom, both complaints allege that defendants misrepresented or concealed material facts concerning the condition and value of the properties and the financial and business relationships between the defendants. Specifically, the CCC's causes of action for "Broker Liability for Intentional Non-Disclosure of Material Facts," unfair business practices, declaratory relief, and RICO violations rehash the allegations of the fraud and contract claims found time-barred by Judge Strobel's summary judgment orders.[10] Both sets of claims contend that Allen deceptively marketed the investment course and recruited DuFour as a student. Compare, e.g., FAC ¶¶ 54-60, 89, 94 (fraud), with CCC ¶¶ 62-68 (unfair business practices), 109 (RICO). Both sets allege that defendants gave DuFour inflated appraisals of and otherwise lied about the properties. Compare, e.g., FAC ¶¶ 63, 68 (fraud), with CCC ¶¶ 47 (broker liability). Both sets claim that defendants concealed various affiliations and financial arrangements. Compare, e.g., FAC ¶¶ 66, 69, 71-72 (fraud), 113-15 (covenant of good faith and fair dealing), with CCC ¶¶ 36-37, 44, 46 (broker liability), 69-78 (unfair business practices), 85-87 (declaratory judgment), 109 (RICO). Supporting this conclusion, lengthy portions of the CCC refer to correspondence expressly relied on by the Superior Court in determining that DuFour's claims were time-barred.[11] Moreover, DuFour's claim for "cancellation of instruments" refashions the rescission claims to which Judge Strobel sustained demurrers without leave to amend.[12] Compare FAC ¶¶ 121-28, with CCC ¶ 83. Therefore, all of the

---

[10]DuFour argues that the CCC's "Unfair Business Practices" claim is unrelated to the FAC's fraud claims because it concerns statutory fraud on the public, not common law fraud. DuFour's counsel reiterated this contention at oral argument. But as stated above, where the new claim concerns the same injury to the same right, the presentation of a new legal theory is irrelevant. See Slater, 15 Cal. 3d at 795.

[11]The CCC cites (1) a reply to DuFour's "concerns" letter by Prosper General Counsel George Brunt, CCC ¶ 24; (2) a complaint made by DuFour to the California Department of Corporations regarding Freedom's activities, id. ¶ 25; and (3) Freedom's response to the aforementioned Department of Corporations complaint, id. ¶ 26. Judge Strobel's orders granting summary judgment referenced this evidence in concluding that DuFour was on notice of the claims asserted in the FAC no later than May 2008. See DRJN Exs. 8, 9.

[12]On November 22, 2013, Judge Strobel sustained without leave to amend Freedom's demurrer to DuFour's constructive trust claim, reasoning that DuFour was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

CCC's claims except for the Breach of Contract claim are barred by the claim-splitting doctrine.

DuFour's arguments to the contrary are unavailing. He contends that Judge Marmaro already decided that the CCC's allegations were distinct in his July 11, 2014 ruling. But Judge Marmaro expressly noted the "entirely procedural" nature of his ruling and stated that defendants "preserve all appropriate substantive challenges to the underlying claims asserted in the [CCC], including challenges based on the Court's prior summary judgment ruling." DRJN Ex. 19 (Tentative Ruling at 5). Thus, DuFour's argument that he had an "absolute right [to] maintain his cross-claim . . . regardless of whether [his] cross-demand was barred by the statute of limitations" is without support. DuFour also argues that the summary judgment orders are interlocutory, not final. While true, this is irrelevant for the Court's claim-splitting analysis, as explained above.

Finally, at oral argument, DuFour's counsel stressed the distinction between Judge Strobel's tentative and final orders granting summary adjudication as to Prosper, ESI, Allen, and Freedom. See DRJN Ex. 8. After issuing the tentative ruling in favor of defendants, the Superior Court requested supplemental briefing on the applicability of Wyatt v. Union Mortg. Co., 24 Cal. 3d 733 (1980). Id. DuFour had not submitted argument based on Wyatt in either opposition to summary judgment, but argued at the hearing that the case was dispositive on the statute of limitations defense because his case fell under Wyatt's rule that where the fraud is of a continuing nature, equity is best served by the "last overt act" doctrine. Id. The Superior Court noted that Wyatt was arguably distinguishable because, unlike in Wyatt, DuFour did not allege any fraud or misrepresentation concerning the terms of the loans or how the loans were administered. The Superior Court nevertheless found that "[e]ven if" Wyatt would otherwise apply, it could not save the FAC's claims because DuFour failed to allege what constituted the last overt act in furtherance of the alleged conspiracy, or present any admissible evidence in that regard in opposition to the motions for summary judgment. Id. The Superior Court adopted its tentative ruling as supplemented by the Wyatt discussion. DuFour now argues that the CCC cures the pleading defect and should therefore be allowed to proceed. But this argument is irrelevant to the Court's conclusion that the CCC seeks

---

effectively seeking rescission of six transactions and had not alleged a present ability to tender the money he was loaned by Freedom. See DRJN Ex. 7, at 5. The CCC's third cause of action requests cancellation of the same six transactions. CCC ¶ 83.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

relief for alleged violations of the same rights as the FAC and should for that reason be dismissed. That DuFour learned additional facts through discovery does not entitle him to split his claims in a second lawsuit after failing to survive motions for summary judgment on the FAC.

### D. DuFour's Breach of Contract Claim

The only one of the CCC's claims that is not clearly duplicative of an earlier-rejected claim is a breach of contract claim for Prosper and Allen's alleged failure to mediate and arbitrate disputes. See CCC ¶¶ 88-95. Even assuming that the alleged agreement required mediation and arbitration as a condition precedent to filing a lawsuit, however, the Court finds that the resulting breach would not be material and could not result in an award of damages. The Court also notes that to the extent the parties agreed to submit any disputes to mediation and arbitration, DuFour's filing of the original lawsuit would presumably operate as a waiver of any breach of contract claim DuFour might have had against Prosper and Allen.[13]

---

[13] Because the Court decides that DuFour's claims should be dismissed for other reasons, the Court need not address the sham pleading and law of the case arguments advanced by defendants. To the extent that any of the parties' arguments addressing sham pleading or law of the case are relevant to the Court's claim-splitting analysis, they have been considered. Similarly, the Court need not specifically address each of DuFour's arguments as to why his claims are not time-barred. However, the Court notes that these arguments either (1) were rejected by previous orders of the Superior Court, (2) are based on inapposite sections of the California Code of Civil Procedure, or (3) depend on a novel theory that the CCC should relate back not just to the filing of Prosper's cross-claim, but back to the filing of DuFour's original claim. The filing of a complaint tolls the statute of limitations as to the defendant's compulsory cross-complaints. Rutter Practice Guide: Civil Procedure Before Trial Statutes of Limitations § 8:240 (citing Trindade v. Superior Court, 29 Cal. App. 3d 857, 859-60 (1973). This rule is based on the principle that by filing a complaint, the plaintiff "has thereby waived the claim and permitted the defendant to make all proper defenses to the cause of action pleaded." Trindade, 29 Cal. App. 3d at 859. This policy does not support retroactively tolling DuFour's claims back to the date of the first complaint, since it cannot be said that by filing his original lawsuit, DuFour waived his *opponent's* rights to assert otherwise applicable statute of limitations defenses. DuFour is therefore unable to escape the rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 15, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

**E.    DuFour's Request for Sanctions Pursuant to 28 U.S.C. § 1927**

The Court finds no merit in any of DuFour's arguments for sanctions under 28 U.S.C. § 1927. DuFour's request for sanctions is therefore DENIED.

**V.    CONCLUSION**

For the foregoing reasons, defendants' motion for dismissal of the CCC is GRANTED. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 16 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

that "[n]o tolling . . . applies where the statute of limitations on the defendant's claims against the plaintiff are already time barred." Rutter Practice Guide: Civil Procedure Before Trial Statutes of Limitations § 8:240.