UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS): DEFENDANT FREEDOM HOME MORTGAGE CORPORATION'S MOTION FOR SANCTIONS (Dkt. #37, filed September 8, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 6, 2014, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

The procedural history of the instant action is complex. In brief, plaintiff Frank DuFour first filed a complaint in the instant action on February 8, 2012, in Los Angeles County Superior Court. See Def.'s Request for Judicial Notice ("DRJN") Ex. 1. DuFour filed the Fourth Amended Complaint ("FAC") on Dec. 27, 2013, also in Los Angeles County Superior Court. See DRJN Ex. 6. The FAC named as defendants Robert Allen ("Allen"), Enlightened Wealth Institute International, L.C., Prosper, Inc ("Prosper"), Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and several Does. Id. The FAC asserted that two individuals connected to the defendants, Kenny Gregg ("Gregg") and Trent Staggs ("Staggs"), fraudulently induced DuFours to purchase investment properties located in Jackson, Mississippi, and that defendants concealed various business relationships among themselves. Id.

On May 19, 2014–after the Superior Court entered summary judgment on the FAC in favor of defendants on the grounds that all asserted claims were time-barred–DuFour filed a so-called "cross-cross complaint" ("CCC") in response to a cross-complaint brought by Prosper and still pending at that time. See DRJN Ex. 12. The CCC named as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

"cross-cross-defendants" several parties named as defendants in the FAC, as well as Freedom Mortgage ("Freedom"), the party bringing this motion for sanctions. Id. The CCC asserted claims for (1) Broker Liability for Intentional Non-Disclosure of Material Facts, (2) Unfair Business Practices, (3) Cancellation of Instruments, (4) Declaratory Relief, (5) Breach of Contract, and (6) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. Id.

On February 28, 2014, the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver of defendant Millennium Bank, N.A., a failed bank. Dkt. #1. On July 19, 2014, the FDIC removed this action to federal court based on federal question jurisdiction.[1] Id. On August 7, 2014, defendants filed a Joint Motion for Judgment on the Pleadings. Dkt. #17. DuFour filed an opposition to that motion on August 26, 2014. Dkt. #33. On September 15, 2014, after holding a hearing on the matter, the Court granted the Joint Motion for Judgment on the Pleadings, dismissing the CCC as duplicative of previously filed pleadings. Dkt. #46.[2]

On September 8, 2014, Freedom filed a motion for sanctions against DuFour and his attorney, Andrew J. Kulick ("Kulick"), pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and Cal. Code Civ. P. § 128.7. Dkt. #37. Freedom seeks sanctions in the amount of $33,309.43, the amount of attorneys' fees and costs it claims it has incurred in defending against the CCC. Id. DuFour filed an opposition on September 12, 2014, Dkt. #41, and Freedom replied on September 22, 2014, Dkt. #48. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] Any civil suit to which the FDIC is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

[2] The Court's order dismissing the CCC contains a more detailed explanation of the procedural posture of the case, as well as the similarities between the FAC and CCC. See Dkt. #46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 11

Under Fed. R. Civ. P. 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note).

The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. Fed. R. Civ. P. 11(c); see id. advisory committee's notes (1993 amendments) ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ."). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11.[3]

---

[3]Contrary to DuFour's assertion that Rule 11 is entirely inapplicable because the CCC was filed in state court, Rule 11 defines representations to the court as including "presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating." Fed. R. Civ. P. 11; see also id. advisory committee's note (1993 amendments) ("[I]f, after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as 'presenting'–and hence certifying to the district court under Rule 11–those allegations."). Even if this were not the case, Cal. Code Civ. P. § 128.7 would provide an alternative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

### B.     28 U.S.C. § 1927

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt. Co., Securities Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Before § 1927 sanctions can be imposed, the court must make a finding of subjective bad faith, not simply objectively unreasonable behavior. Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 184 (9th Cir.1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., 78 F.3d at 436 (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986)). Put differently, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." Id. at 436.

The decision to sanction a party under § 1927 rests in the sound discretion of the district court. See, e.g., Trulis v. Barton, 107 F.3d 685, 694 (9th Cir.1996) (finding that the district court abused its discretion by not awarding § 1927 sanctions); MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir.1991) (holding that the district court abused its discretion by awarding § 1927 sanctions). Moreover, § 1927 sanctions must be tailored to the particular conduct challenged. See, e.g., Blodgett, 709 F.2d at 610–11 ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct.").

### C.     Cal. Code. Civ. P. § 128.7

Cal. Code Civ. P. § 128.7 "basically mirror[s]" Fed. R. Civ. P. 11, and allows courts to impose sanctions for presenting frivolous pleadings, motions, or other similar papers. See Thornton v. Solutionone Cleaning Concepts, Inc., No. CIV F 06-1455 AWI

---

basis for sanctioning the same conduct pursuant to the same standards.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

SMS, 2007 WL 210586, at *4 (E.D. Cal. Jan. 26, 2007).  "A 'federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal.'" Id. (citing Griffen v. City of Oklahoma City, 3 F.3d 336, 341 (10th Cir. 1993)).  With regard to represented parties, section 128.7 permits sanctions against both the party and his attorney.  See Pollock v. Univ. of S. Cal., 112 Cal. App. 4th 1416, 1431 n.5 (2003).  Section 128.7 has been applied to sanction the presentation of duplicative claims.  See id. (upholding sanctions for the presentation of a fraud claim that was "nearly a verbatim replica" of previously rejected allegations).  The "decision to award sanctions under section 128.7 [is] within the trial court's discretion."  Kojababian v. Genuine Home Loans, Inc., 174 Cal. App. 4th 408, 420 (2009).

### III.   DISCUSSION

Freedom argues that Kulick's filing of the CCC warrants an award of sanctions because it was legally baseless.  In so contending, Freedom advances essentially the same arguments as briefed in the joint motion for judgment on the pleadings: that the CCC was barred by the federal claim-splitting doctrine, California's sham pleading rule, and the law of the case doctrine.  Freedom argues that a competent attorney who disagreed with the state court's rulings against DuFour would have sought review on appeal instead of filing duplicative claims in a cross-complaint to a cross-complaint.

DuFour responds that the CCC was not impermissibly duplicative of claims in the FAC because the state court's summary judgment order dismissing the FAC was interlocutory, not final.  In dismissing the FAC, the Court rejected this point as irrelevant to the Court's claim-splitting analysis, since that doctrine does not require a final judgment.  See Dkt. #46 at 10-16.  The Court, moreover, remains quite clear on the point that DuFour impermissibly split claims when he filed the CCC.  However, given the unusual procedural posture of the case and Kulick's explanation of his interpretation of the state court's orders, the Court does not find that the filing of the CCC or the opposition to the motion for judgment on the pleadings evidenced bad faith or was so clearly unreasonable as to justify an award of sanctions.

Freedom also argues that the filing of the CCC is sanctionable because, after the state court's order granting summary judgment in favor of defendants, Kulick should have been on notice that the claims asserted in the CCC were all time-barred.  Freedom contends that Kulick filed the CCC for the improper purposes of harassing Freedom and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

circumventing adverse state court rulings. Freedom asserts that Kulick's attempt to seek the entry of default against Freedom on the CCC, despite notice through the meet-and-confer process that Freedom intended to file the motion for judgment on the pleadings, further evidences the baseless nature of Kulick's conduct of this litigation.

DuFour responds that the CCC was not without legal basis, citing Wyatt v. Union Mortg. Co., 24 Cal. 3d 733 (1980), and the Superior Court's order granting summary judgment as to Prosper, ESI, Allen, and Freedom, see DRJN Ex. 8. DuFour had not submitted argument based on Wyatt in his opposition to summary judgment, but argued at the summary judgment hearing that the case was dispositive on the statute of limitations defense because his case fell under Wyatt's rule that where fraud perpetrated as part of a civil conspiracy is of a continuing nature, the "last overt act" doctrine equitably tolls the statute of limitations. Id. The Superior Court noted that Wyatt was arguably distinguishable because, unlike in Wyatt, DuFour did not allege any fraud or misrepresentation concerning the terms of the loans or how the loans were administered. The Superior Court nevertheless found that "[e]ven if" Wyatt would otherwise apply, it could not save the FAC's claims because DuFour failed to allege what constituted the last overt act in furtherance of the alleged conspiracy, or present any admissible evidence in that regard in opposition to the motions for summary judgment. Id. DuFour argues that the CCC "was drawn in accordance with previous findings of fact" made by the Superior Court, and that is claims were therefore not time-barred. This Court has its own doubts about the applicability of Wyatt to DuFour's case and, even if the case were applicable, that would not permit DuFour's claim splitting after his failure to present evidence to avoid summary judgment pursuant to Wyatt's rule. Nevertheless, especially as the Superior Court ordered supplemental briefing on the applicability of Wyatt, the Court cannot say that DuFour clearly exhibited subjective bad faith or advocated legal theories with "absolutely no chance of success under the existing precedents, and . . . no reasonable argument . . . to extend, modify, or reverse the law as it stands." Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985).

## IV.   CONCLUSION

Although DuFour's arguments in opposition to the motion for judgment on the pleadings were not persuasive, the Court does not find DuFour's filing and defense of the CCC to clearly evidence bad faith or conduct so objectively unreasonable as to warrant the imposition of sanctions. Similarly, the Court does not find that other actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

complained of by Freedom, such as the incorrect assertion that defendants omitted Prosper's cross-complaint from the record submitted with the joint motion for judgment on the pleadings, are so consequential in the context of the entire litigation as to justify an award of sanctions.[4]  In accordance with the foregoing, Freedom's motion for sanctions is DENIED.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[4] DuFour's own requests for sanctions, see Opp'n at 16-22, are wholly without merit, and are DENIED.