UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-05616-CAS (SSx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**   (IN CHAMBERS): ENTRY OF JUDGMENT IN FAVOR OF CERTAIN DEFENDANTS ON THE FOURTH AMENDED COMPLAINT

    This lawsuit commenced on February 8, 2012, when plaintiff Frank DuFour ("DuFour") filed a complaint in the Superior Court of California, County of Los Angeles. DuFour filed the operative Fourth Amended Complaint ("FAC") on December 27, 2013, also in the Superior Court. See ECF No. 1-2. In brief, the FAC asserts that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course and buy fraudulently marketed properties, from which the defendants reaped additional profits through undisclosed relationships with management and financing companies. See generally FAC. On February 28, 2014, the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver of defendant Millennium Bank, N.A., a failed bank. See ECF No. 1. On July 19, 2014, the FDIC removed this action to federal court based on federal question jurisdiction.[1] Id. The case was transferred to the undersigned on July 25, 2014. ECF No. 10.

    On November 12, 2014, defendants Freedom Home Mortgage Corporation; Prosper, Inc., Prosper Holdings, Inc., Education Success Incorporated, Robert Allen, R.A.H.A.D., Inc., D.A.H.A.R., Inc., Enlightened Wealth Institute, L.C., and Enlightened Wealth Institute International, L.C. (collectively "defendants" for purposes of this order) filed a request for final judgment. ECF No. 73. Defendants request that this court enter judgment in favor of defendants based on summary judgment orders entered in their favor by the Superior Court prior to this case's removal on May 2, 2014 and May 12,

---

[1]Any civil suit in which the FDIC is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-CV-05616-CAS (SSx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

2014, respectively. See ECF No. 73 Exs. A, B. Defendants filed proposed judgments in the Superior Court based on those orders, but the Superior Court declined to enter judgment based on the pendency of DuFour's "cross-cross-complaint," which this Court dismissed on a motion for judgment on the pleadings after the case's removal. See ECF No. 46.

"After removal of an action from state court, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation." 14C Wright & Miller, Federal Practice & Procedure § 3738 (4th ed. 2009). "After removal, the federal court 'takes the case up where the State court left it off.'" Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 436 (1974) (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880)). Therefore, the "federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963). "Consequently, an order entered by a state court 'should be treated as though it had been validly rendered in the federal proceeding.'" Carvalho v. Equifax Info. Servs., LLC, 529 F.3d 876, 887 (9th Cir. 2010) (quoting Butner, 324 F.2d at 786); cf. Reilly v. Waukesha County, 993 F.2d 1284, 1287 (7th Cir. 1993) (treating as valid and reviewing as part of the district court's record a judgment entered by the district court on the state court's grant of summary judgment prior to removal).

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Having considered the parties' submissions, the Court determines that there is no just reason to delay entry of final judgment in favor of the requesting defendants. DuFour argues that because "there are still matters pending between the parties for example: Prosper and Allen on their cross-complaint, and other parties . . . related to the [FAC] . . . the court should not enter the judgment until all matters involving all the parties . . . have been resolved." ECF No. 76 at 3–4. Beyond this conclusory statement, however, DuFour presents no argument as to why entry of judgment should be delayed. DuFour also argues that the fact that "defendants have not made a Rule 54(b) motion" prevents or militates against the entry of judgment. Id. But the Court is aware of no authority—and DuFour cites none—to the effect that defendants' request for entry of judgment is in some way procedurally deficient because it is not styled as a "Rule 54(b) motion."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-CV-05616-CAS (SSx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

Having reviewed the Superior Court's summary judgment orders, and for good cause appearing, the Court ENTERS JUDGMENT against DuFour and in favor of the following defendants on their respective motions for summary judgment on the claims raised in the FAC:

1. Freedom Home Mortgage Corporation
2. Prosper, Inc.
3. Prosper Holdings, Inc.
4. Education Success Incorporated
5. Robert Allen
6. R.A.H.A.D., Inc.
7. D.A.H.A.R., Inc.
8. Enlightened Wealth Institute, L.C.
9. Enlightened Wealth Institute International, L.C.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |