1  **PRINCE, YEATES & GELDZAHLER**
   Charles L. Perschon (Utah State Bar No. 11149; admitted *pro hac vice*)
2      clp@princeyeates.com
3  Christopher A. Jones (California State Bar No. 210074)
       caj@princeyeates.com
4  15 West South Temple, Suite 1700
   Salt Lake City, Utah 84101
5  Telephone: (801) 524-1000
6  Facsimile: (801) 524-1098

7  *Attorneys for Defendants National Acceptance Corporation,*
8  *Enlightened Millionaire Institute, L.C., and Mr. Thomas Painter*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANK DUFOUR,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ALLEN; ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL, L.C.; ENLIGHTENED WEALTH INSTITUTE, L.C.; ENLIGHTENED MILLIONAIRE INSTITUTE, L.C.; NATIONAL ACCEPTANCE CORPORATION, INC.; THOMAS PAINTER; PROSPER, INC.; PROSPER HOLDINGS, INC.; R.A.H.A.D.; D.A.H.A.R.; EDUCATION SUCCESS INCORPORATED; FREEDOM HOME MORTGAGE CORPORATION; FEDERAL DEPOSIT INSURANCE CORPORATION as receiver of | Case No.: 2:14-cv-05616-CAS (SSx)<br><br>(Removed from Los Angeles County Superior Court, Case No. BC478588)<br><br>**[PROPOSED] JUDGMENT ON PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>Magistrate Judge Suzanne H. Segal<br>District Judge Christina A. Snyder |

| | |
|---|---|
| MILLENNIUM BANK, N.A.; GIDDENS & GIDDENS; STEVEN USRY; JAY B. AMMONS; and EMILY MERKLEY dba CFE INVESTMENTS, <br><br>Defendants. | DATE: n/a<br>TIME: n/a<br>CTRM: 5<br>TRIAL DATE: None set |

THE COURT, having carefully considered the *Motion for Summary Judgment* and related pleadings (Dkt. Nos. 53-58) filed by Defendants National Acceptance Corporation ("**NAC**"), Enlightened Millionaire Institute, L.C. ("**EMI**"), and Mr. Thomas Painter ("**Mr. Painter**") (collectively "**Defendants**"); having considered the Rule 56(d) request for a continuance (Dkt. No. 64) filed by Plaintiff Frank DuFour ("**Mr. DuFour**"); having considered the opposition filed by Defendants (Dkt. No. 66); having considered Mr. DuFour's reply in support (Dkt. No. 67); having heard argument by the parties' counsel at a hearing on November 10, 2014; being familiar with this matter; and for good cause appearing; does hereby

ORDER, DECLARE, and DECREE

that judgment is entered against Mr. DuFour and in favor of Defendants National Acceptance Corporation, Enlightened Millionaire Institute, L.C., and Mr. Thomas Painter on their *Motion for Summary Judgment* pursuant to the Court's November 10, 2014 *Civil Minutes* (Dkt. No. 75) (a true and correct copy of the *Civil Minutes* is attached as **Exhibit A**).

---

**[PROPOSED] JUDGMENT ON PLAINTIFF'S FOURTH AMENDED COMPLAINT**
Page **2** of **4**

DATED this 8th day of ~~November 2014~~. January 2015.

*Christine A. Snyder*
—————————————————
The Honorable Christina A. Snyder

---

**[PROPOSED] JUDGMENT ON PLAINTIFF'S
FOURTH AMENDED COMPLAINT**
Page **3** of **4**

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Present: The Honorable  CHRISTINA A. SNYDER

| Catherine Jeang | Lisa Gonzalez | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Andrew Kulick

Charles Perschon
William Nash (By Telephone)

**Proceedings:** DEFENDANTS EMI, NAC, and THOMAS PAINTER'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 53, filed October 6, 2014)

DEFENDANTS EWI, EWII, EMI, NAC, and THOMAS PAINTER'S MOTION FOR SANCTIONS (Dkt. No. 42, filed September 18, 2014)

I.  **INTRODUCTION**

This lawsuit commenced on February 8, 2012, when plaintiff Frank DuFour ("DuFour") filed a complaint in Los Angeles County Superior Court. DuFour filed the operative Fourth Amended Complaint ("FAC") on December 27, 2013, also in Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen ("Allen"), Enlightened Wealth Institute International, L.C. ("EWII"), Enlightened Wealth Institute, L.C. ("EWI"), Prosper Inc. ("Prosper"), Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans ("Millennium"), Charlie Payne, and Does 1 through 100. Id. Movants Enlightened Millionaire Institute ("EMI"), National Acceptance Corporation ("NAC"), and Thomas Painter ("Painter") were later named as Doe defendants.[1] In brief, the FAC asserts that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course and buy fraudulently marketed properties, from which the

---

[1] DuFour identified NAC as Doe 6, Painter as Doe 9, and EMI as Doe 11. Because a number of named defendants are not party to the instant motions, the Court hereinafter refers to EMI, NAC, and Painter as "movants."

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 14 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

defendants reaped additional profits through undisclosed relationships with management and financing companies. See generally FAC.

On February 28, 2014, the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver of defendant Millennium Bank, N.A., a failed bank. See Dkt. No. 1. On July 19, 2014, the FDIC removed this action to federal court based on federal question jurisdiction.[2] Id. The case was originally assigned to the Honorable District Judge Ronald S.W. Lew on July 21, 2014. Dkt. No. 5. However, because it is related to a case previously pending in this Court, the case was transferred to the undersigned on July 25, 2014. Dkt. No. 10.

On September 18, 2014, EMI, EWI, EWII, NAC, and Painter filed a motion for sanctions against DuFour and his counsel, Andrew J. Kulick ("Kulick"). Dkt. No. 42. On October 6, 2014, DuFour filed an opposition. Dkt. No. 52. A reply was filed on October 13, 2014. Dkt. No. 60. On October 6, 2014, movants EMI, NAC and Painter filed a motion for summary judgment. Dkt. No. 54. On October 20, 2014, in lieu of filing an opposition, plaintiff's counsel filed a declaration in support of a request for denial or continuance of the motion pursuant to Federal Rule of Civil Procedure 56(d). Dkt. No. 64. On October 21, 2014, movants filed an opposition to this Rule 56(d) request. Dkt. No. 66. On October 27, 2014, plaintiff filed a reply to this Rule 56(d) opposition. Dkt. No. 67. On November 10, 2014, the Court held a hearing at which counsel for movants and non-movants appeared. After considering the parties' arguments, the Court concludes that the motion for summary judgment should be granted, for the following reasons.

## II.   FACTUAL BACKGROUND

### A.   The FAC's Allegations

Although the FAC asserts five claims for relief, it pleads only one claim for fraud and misrepresentation against movants EMI, NAC, and Painter . See FAC ¶ 75–97. The FAC alleges that Allen is the co-founder of EWI, an entity which offers real estate

---

[2] Any civil suit in which the FDIC is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

investment instruction. Id. ¶ 5. Dufour alleges that EMI is another incarnation of Allen's same business model, id., and that Painter is a friend of Allen's who partners with Allen to offer bogus investment courses through NAC, a corporation controlled by Painter, id. ¶¶ 75, 76.[3] DuFour claims that Allen or EWI contacted him in January 2006 and invited him to attend a wealth building seminar. Id. ¶ 30. DuFour contends that, after a sham interview process, he subsequently paid thousands of dollars to enroll in a real estate investment course and was thereafter tricked into purchasing deceptively marketed investment properties in Mississippi and financing those purchases through entities and persons involved in the fraudulent scheme. See generally id. ¶¶ 31–58.

DuFour contends that Allen and Painter profited from the alleged real estate investment schemes by having NAC enter into a series of licensing and royalty agreements with EWI and EMI. Id. ¶ 80. DuFour alleges that defendants' scheme included "cooperat[ing] with one another in the marketing by . . . providing the names of people as leads who had visited their websites . . . in order to aid in the distribution and sale of . . . Allen and Painter's real estate investment scheme." Id. ¶ 87. The FAC claims that the educational program offered by defendants is deceptive and involves "nothing more than a variety of high risk[] property flipping schemes which are themselves deceptive [and] likely illegal using the 'no money down' or 'seller financed purchase' [model]." Id. ¶ 89(b). DuFour also alleges that success stories advertised by defendants made money not by investing in real estate, but from "marketing their own investment schemes." Id. ¶ 89(f). DuFour contends that Painter, NAC, and EMI, along with Allen, Prosper, and other defendants, engaged in a civil conspiracy to defraud DuFour. Id. ¶¶ 92–94.

---

[3]EMI was registered as a limited liability company in Utah on October 6, 2004. Statement of Undisputed Facts ¶ 25. TRP, L.C., a Utah limited liability company solely owned by Painter, is the manager of EMI. Id. ¶¶ 26, 27. NAC was registered as a corporation in Utah on December 19, 2002. Id. ¶ 28. Painter is NAC's President and Director. Id. ¶ 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

### B. Movants' Submitted Evidence

The following facts are taken from movants' Statement of Undisputed Facts ("SUF") and supported by admissible evidence.[4] In January 2006, DuFour received an email referencing a Robert Allen real estate program. SUF ¶ 14. DuFour subsequently paid $10,805 to Prosper to sign up for its real estate education program, and Prosper assigned Todd Benson ("Benson") as DuFour's coach. Id. ¶ 16.

In May 2008, DuFour retained an attorney to pursue damages for losses incurred from his purchase of the properties at issue in this suit. Id. ¶ 1. On or about May 6, 2008, Dufour's then-attorney Ralph M. Sherman ("Sherman") sent a demand letter to Prosper. Id. ¶ 2; see Perschon Decl. Ex. B (Dkt. No. 56-2). This letter stated that Allen solicited DuFour and his wife for one of Allen's courses by email and that, in response to that email, DuFour signed up for real estate instruction and coaching. Perschon Decl. Ex. B at 3. The letter alleged that Prosper and affiliated persons influenced DuFour to make certain real estate investments. Id. It also contended that Prosper had an "undisclosed financial relationship with [Trent] Staggs ['Staggs'] and [Emily] Merkley," and that Prosper "earned revenue from these parties by steering Mr. DuFour to them and inducing him to buy properties from them." Id. The letter stated that there were "numerous causes of action [DuFour] could sue [Prosper] and its agents for, including . . . Fraudulent Inducement." Id. at 4. On or about May 21, 2008, Sherman sent Prosper another letter advising that absent a satisfactory response, Sherman would advise DuFour to "consider taking other legal action and appropriately informing others about his allegations and concerns." SUF ¶ 5; Perschon Decl. Ex. B at 6.

On or about May 25, 2008, DuFour filed a complaint form with the California Department of Corporations alleging that he had been the victim of a real estate investment scheme. SUF ¶ 6; see Perschon Decl. Ex. B at 7. That same day, DuFour filed a similar complaint with the Mississippi Department of Banking and Computer Finance. SUF ¶ 7. Attached to both complaints was a letter written by DuFour explaining how he purchased a number of investment properties in Mississippi and lost money as a result. Id. ¶ 8. This letter alleged that "there was a business relationship"

---

[4]DuFour has not filed a substantive opposition or statement of genuine issues in response to movants' SUF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

among those allegedly conspiring to extract money from him through the scheme. Id. ¶ 9. The letter attached to the state agency complaints included allegations relating to email solicitation from "the Robert Allen organization" and instructional CDs, books, and website access given to DuFour by Prosper in exchange for thousands of dollars in fees. See Perschon Decl. Ex. B at 23. It also alleged that DuFour's monetary losses "resulted from a complex web of misrepresentation on the part of the Robert Allen group, Prosper Inc., their coaching staff in the real estate area, and the Trent Staggs Groups of businesses ranging from the mortgage company to the management company and their intertwined business networks," comprising "relationships that were never disclosed to the students of Robert Allen/Prosper Inc." Id. at 27.

On or about June 8, 2008, Sherman sent a demand letter to counsel for defendant Trent Staggs ("Staggs") seeking financial and corporate records for Staggs' businesses that DuFour believed to be involved in his real estate losses. SUF ¶ 10. Also in June 2008, DuFour sent a letter to the Mississippi Attorney General explaining the alleged fraudulent scheme. Id. ¶ 11; Perschon Decl. Ex. B at 29. This letter explained that DuFour lost money "at the hands of Trent Staggs and Emily Merkley and [that the losses] began with e-mails from Robert Allen and Prosper." Perschon Decl. Ex. B at 29.

On or about May 28, 2009, DuFour filed a complaint in Los Angeles Superior Court against EWI, Prosper, and several other defendants. Id. ¶ 18; see Dkt. No. 54-1. This lawsuit concerned the real estate investment course and properties at issue in this suit. On February 8, 2010, the Superior Court dismissed the complaint without prejudice for failure to prosecute. SUF ¶ 19. On September 28, 2011, DuFour filed a complaint in this Court, also concerning the same general events. Id. ¶ 20. This Court dismissed that lawsuit for lack of subject matter jurisdiction, reasoning that DuFour had failed to establish complete diversity for purposes of diversity jurisdiction. Id. ¶ 21; see DuFour v. Allen, No. CV11-8054 CAS (SSx), Dkt. No. 42 (order dated January 11, 2012).

On February 8, 2012, defendant filed the instant lawsuit in Los Angeles County Superior Court. SUF ¶ 22; see Dkt. No. 54-5. DuFour filed the FAC on December 27, 2013, naming movants as previously identified Does and alleging fraud and misrepresentation against them. SUF ¶ 23; see Dkt. No. 54-6 (FAC).

Movants deny having ever had a business relationship of any kind with Staggs or his company, Stagg Mortgage. Id. ¶¶ 47, 48. Movants also deny ever having had a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

business relationship of any kind with Kenny Gregg, Emily Merkley, Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Millennium Home Loans, Charlie Payne, or CFE Investments. Id. ¶¶ 49–58. Movants further deny that Prosper, Allen, or any other non-moving defendant possesses an ownership interest in any of movants. Id. ¶ 61. According to records referenced by movants, DuFour has never attended an EMI, EWI, or EWII seminar, although he did register for at least one. Id. ¶ 42. EMI records do not indicate that anyone from EMI ever spoke to DuFour, or that DuFour has ever been billed by or paid money to EMI, EWI, or EWII in relation to the allegations in the FAC. Id. ¶ 44. According to movants, DuFour has never paid any money to EMI, NAC, or Painter with relation to the allegations in the FAC. Id. ¶ 45.

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### B.   Sanctions Under Rule 11 and Cal. Code Civ. P. § 128.7

Under Fed. R. Civ. P. 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 defines representations to the court as including "presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating." Fed. R. Civ. P. 11; see also id. advisory committee's note (1993 amendments) ("[I]f, after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as 'presenting'—and hence certifying to the district court under Rule 11—those allegations.").

Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note). The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. Fed. R. Civ. P. 11(c); see id. advisory committee's notes (1993 amendments) ("The court has significant discretion in determining what sanctions, if any, should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

imposed for a violation . . . ."). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11.

Cal. Code Civ. P. § 128.7 "basically mirror[s]" Fed. R. Civ. P. 11, and allows courts to impose sanctions for presenting frivolous pleadings, motions, or other similar papers. See Thornton v. Solutionone Cleaning Concepts, Inc., No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *4 (E.D. Cal. Jan. 26, 2007). "A 'federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal.'" Id. (citing Griffen v. City of Oklahoma City, 3 F.3d 336, 341 (10th Cir. 1993)). With regard to represented parties, section 128.7 permits sanctions against both the party and his attorney. See Pollock v. Univ. of S. Cal., 112 Cal. App. 4th 1416, 1431 n.5 (2003). The "decision to award sanctions under section 128.7 [is] within the trial court's discretion." Kojababian v. Genuine Home Loans, Inc., 174 Cal. App. 4th 408, 420 (2009).

## IV. ANALYSIS

### A. DuFour's Rule 56(d) Request Lacks Merit

As noted above, instead of filing a substantive opposition to the instant motion, DuFour's attorney, Kulick, filed a declaration in support of a request for a denial or continuance of the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). Pursuant to this Rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer consideration of the motion, deny the motion, allow time to obtain affidavits or declarations or take discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d)(1)–(3). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); see also Tatum v. City & Cty. of S.F., 441 F.3d 1090, 1100 (9th Cir. 2006) (explaining that the party requesting a continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment"). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exists; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 5252 F.3d 822, 827 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

"Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.' " Id. (quoting California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)). "Moreover, the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." Chance, 242 F.3d at 1161 n.6 (internal quotation marks omitted) (quoting Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996)).

In support of his Rule 56(d) request, Kulick declares simply that he "believe[s] that the information sought by the deposition of [NAC's and EMI's PMKs] will raise a genuine issue of material fact, and therefore, the present motion should be denied as premature." Kulick Decl. ¶ 16. This conclusory statement utterly fails to satisfy DuFour's burden as a requesting party to show the "specific facts" he hopes to elicit from further discovery, much less to show that the facts exist and would defeat summary judgment. Therefore, Dufour's declaration does not support denial or continuance of the motion for summary judgment.

DuFour argues that "the issue of whether [he] has complied with the affidavit requirements of Rule 56(d) is a 'red herring' " and that his failure to do so should be excused because of the procedural posture of this case. Dkt. No. 57 at 9. Kulick declares that, prior to this lawsuit's removal to federal court, movants filed a motion for summary judgment to be heard on September 10, 2014. Kulick Decl. ¶ 2; see Kulick Request for Judicial Notice ("KRJN") Ex. 1 (filed June 24, 2014). Attached to that summary judgment motion were two declarations filed on behalf of EMI and executed by Painter. Kulick Decl. ¶ 3. DuFour subsequently noticed the deposition of the person most knowledgeable ("PMK") for NAC and EMI for July 24 and 25, respectively. Id. ¶ 4; see KRJN Ex. 3. On June 30, 2014, Kulick received an email from attorney Charles Perschon ("Perschon") stating that the PMKs for NAC and EMI would be unable to attend depositions on those noticed dates. Kulick Decl. ¶ 5. NAC and EMI objected to the deposition notice and moved to stay and quash the depositions, and for a protective order staying the depositions and quashing the deposition notices until the parties could agree on a time and place for the depositions. See KRJN Ex. 4. This motion was initially set for hearing in the Superior Court on January 16, 2015. See id.

Pursuant to California Code of Civil Procedure section 2025.410(c), "[t]he taking of the deposition is stayed pending the determination of" a motion to stay a deposition and quash the deposition notice. 28 U.S.C. § 1450 provides that "[a]ll injunctions,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Based on these statutes, DuFour argues that he was prohibited by law from taking the depositions he claims are necessary to oppose summary judgment and, apparently, that he is therefore excused from providing a declaration that complies with Rule 56(d). But the California provision on which DuFour relies contemplates a stay pending a motion hearing. After removal, movants did not notice a hearing in federal court regarding the depositions; that is, there was no pending motion to automatically stay the depositions. It defies logic that a stay imposed by operation of law in state court based on a pending motion remained in effect indefinitely post-removal, in the absence of any noticed depositions or motion, and in the absence of any court order staying discovery.

But even assuming that a stay could somehow remain in place under these circumstances, DuFour's request for a continuance still lacks merit because he failed to move this Court to dissolve the purported stay or otherwise attempt to take the depositions for three months after removal, raising the issue only on the day his opposition to the instant motion was due. The Court notes that DuFour has failed to diligently pursue the discovery that he now claims (without explanation) is necessary to oppose this motion. DuFour failed to notice the depositions prior to movants' motion for summary judgment in the Superior Court, and although he refused to move the noticed depositions from July 24 and 25 to the first or second week of August upon request from Perschon, see Kulick Decl. Exs. 1 & 2, he was apparently content to wait indefinitely to take the same depositions after removal. See Chance, 242 F.3d at 1161 n.6 (explaining that a district court may deny a request for further discovery under Rule 56(d) if the requesting party has "failed diligently to pursue discovery in the past"). Moreover, at oral argument, the Court offered DuFour's counsel an additional week to submit an affidavit or declaration that satisfies the requirements of Rule 56(d). DuFour's counsel declined.

In short, DuFour has failed to meet his burden under Rule 56(d), has offered no persuasive reason for his failure to even attempt to do so, and has declined the Court's offer to submit a more detailed affidavit or declaration. Therefore, the Court DENIES his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

request for denial or continuance of the motion, and proceeds to the merits of the motion for summary judgment.[5]

### B.  DuFour's Fraud Claim Against Movants Is Time-Barred

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (quoting Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999)). But "[a]n important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 807. "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Id. In this context, "elements" refers not to the specific legal elements of the particular cause of action at bar, but rather to the " 'generic' elements of wrongdoing, causation, and harm." Id. (quoting Norgart, 21 Cal. 4th at 397). Therefore, to determine when the statute of limitations period began to run, courts look to "whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." Id. The "discovery rule . . . allows accrual of the cause of action even if the plaintiff does not have reason to suspect the defendant's identity." Id. "The discovery rule does not delay accrual in that situation because the identity of the defendant is not an element of a cause of action." Id.; see also Norgart, 21 Cal. 4th at 399 ("It follows that failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action, whereas a like failure concerning the cause of action itself does."); Bernson v. Browning-Ferris Indus., 7 Cal.

---

[5]Kulick also declares that movants' counsel failed to confer with him pursuant to Local Rule 7-3 before filing their motion for summary judgment in this Court. Kulick Decl. ¶¶ 13, 14, 17. Movants state that they reasonably believed they had complied with Local Rule 7-3's meet-and-confer requirement by filing the state court motion for summary judgment, to which DuFour responded with a state court motion similar to his current Rule 56(d) request. Given that DuFour had indicated his intention to oppose an essentially identical motion in state court, movants' belief appears reasonable, and any failure to meet and confer would not excuse DuFour's failure to oppose the motion or comply with Rule 56(d). Nonetheless, counsel are admonished to comply with the Local Rules in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

4th 926, 932 (1994) ("[T]he general rule in California has been that ignorance of the identify of the defendant is not essential to a claim and therefore will not toll the statute.").[6]

In California, a claim for fraud must be brought within three years of "discovery, by the aggrieved party, of the facts constituting the fraud." Cal. Code. Civ. P. § 338(d). "In the absence of a statute, a party cannot deduct from the period of the statute of limitations . . . the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him." Wood v. Elling Corp., 20 Cal. 3d 353, 359 (1977) (citing 51 Am. Jur. 2d, Limitation of Actions § 311). Movants submit evidence in support of their contention that DuFour's claim for fraud and misrepresentation accrued no later than May of 2008, when he wrote letters and filed complaints about the alleged real estate investment scheme. As noted above, DuFour retained an attorney no later than May 6, 2008, when he sent a demand letter to Prosper. In May of 2008, DuFour filed complaints with California and Mississippi state agencies, and in June of 2008, DuFour wrote to the Mississippi Attorney General. In this series of letters and complaints, DuFour made clear that he had knowledge or suspicion of the basic claims that eventually formed the gravamen of the FAC: that the investment course he purchased from Prosper after Allen's email solicitation was linked to improper inducements to purchase overvalued properties, from which the defendants—linked through a web of undisclosed business relationships—profited. Thus, movants have made out a prima facie case that DuFour had knowledge of the "generic elements of wrongdoing, causation, and harm" more than three years before the filing of this lawsuit.

Having reviewed the evidence submitted by movants, the Court concludes that movants have made an initial showing that DuFour actually suspected the necessary elements of his fraud claim by May 6, 2008, and that the fraud claim was accordingly

---

[6]The Supreme Court of California has explained that "the rationale for distinguishing between ignorance of the wrongdoer and ignorance of the injury itself appears to be premised on the commonsense assumption that once the plaintiff is aware of the injury, the applicable limitations period (often effectively extended by the filing of a Doe complaint) normally affords sufficient opportunity to discover the identity of all wrongdoers." Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 932 (1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

time-barred when DuFour filed his first complaint in this action on February 8, 2012.[7] As DuFour has failed to oppose the motion for summary judgment or offer a meritorious reason for a continuance, this initial showing stands unrebutted, and movants are entitled to judgment as a matter of law. Because the Court has determined that movants are entitled to summary judgment on the ground that DuFour's only claim against them is time-barred, the Court does not address movants' additional argument that DuFour has failed to produce any evidence that would support a fraud claim against movants.

### C. The Court Does Not Find an Award of Sanctions Justified

The summary judgment movants, joined by defendants EWI and EWII, have moved the Court to award sanctions against DuFour and Kulick pursuant to Fed. R. Civ. P. 11 or Cal. Code Civ. P. § 128.7, which present substantially similar standards for determining whether sanctions are appropriate. The sanctions movants argue that DuFour's claims against them were clearly time-barred when filed, and that this case's filing therefore demonstrates an improper purpose or, at the least, a failure to reasonably investigate before bringing suit. As noted above, under either rule, whether or not to award sanctions is within the discretion of the trial court. The Court has considered the parties' arguments contained in their briefing on the sanctions motion. Although the Court has determined that at least some of DuFour's claims were indeed time-barred when filed, the Court is not convinced that the filing of this suit was so clearly improper or unreasonable so as to justify an award of sanctions.

### V. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's Rule 56(d) request for a continuance or denial of the motion for summary judgment and GRANTS

---

[7]Because DuFour's claim against movants is time-barred even assuming that his naming of the movants as Doe defendants relates back to the filing of his original complaint, the Court need not address any relation-back issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS (SSx) | Date | November 10, 2014 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

defendants EMI, NAC, and Painter's motion for summary judgment. The Court DENIES defendants EWI, EWII, EMI, NAC, and Painter's motion for sanctions.

    IT IS SO ORDERED.

|  | 00 : 22 |
|---|---|
| Initials of Preparer | CMJ |