UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'o'

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Pat Gomez | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

N/A     N/A

**Proceedings:**    (IN CHAMBERS): DEFENDANT PROSPER, INC'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF CROSS COMPLAINT (Dkt. No. 151, filed February 17, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 23, 2015, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

This lawsuit was commenced on February 8, 2012, when plaintiff Frank DuFour ("DuFour") filed a complaint in the Los Angeles County Superior Court ("Superior Court"). DuFour filed his most recent Fourth Amended Complaint ("FAC") on December 27, 2013, also in the Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen ("Allen"), Enlightened Wealth Institute International, L.C., Enlightened Wealth Institute, L.C., Prosper Inc. ("Prosper"), Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and Does 1 through 100. Id. In brief, the FAC alleges that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course offered by Prosper, and to buy fraudulently marketed properties, from which defendants profited through undisclosed relationships with management and financing companies. See generally FAC. This case was removed to federal court on July 19, 2014, after the Federal Deposit Insurance Corporation was appointed as receiver of defendant Millennium Bank, N.A.[1] Id.

---

[1] Any civil suit in which the Federal Deposit Insurance Corporation is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

  On December 23, 2013—just prior to the filing of DuFour's FAC—Prosper filed a cross complaint for breach of contract against DuFour. Dkt. No. 153 Ex. 1. The Cross-Complaint alleges that on or about January 16, 2006, DuFour executed a written Enrollment Agreement with Prosper regarding the aforementioned real estate investment education program. Cross-Complaint ¶ 10. The Cross-Complaint alleges that DuFour electronically signed the Enrollment Agreement and paid the associated enrollment fee, and that Prosper substantially performed its duties under that agreement. Id. ¶¶ 15, 19. Prosper alleges that DuFour breached the Enrollment Agreement by (1) filing this lawsuit instead of submitting his claim to mediation and binding arbitration, (2) refusing to spend the "specified number of hours per week in furtherance of his objectives relating to the educational program," (3) failing to "learn and apply the principles taught in the program and to complete homework assignments," (4) not consulting "his own legal, accounting and tax advisors before making financial decisions related to . . . the real estate education" program, and (5) refusing to indemnify and hold Prosper harmless. Id. ¶ 21. DuFour filed a demurrer to the Cross-Complaint in the Superior Court, which was overruled. DuFour subsequently filed a "Cross-Cross-Complaint," which this Court dismissed on September 15, 2014, on the ground that it impermissibly duplicated claims already raised in the FAC. DuFour has appealed the order dismissing the Cross-Cross-Complaint to the Court of Appeals for the Ninth Circuit. See Opp'n at 1–2; Dkt. No. 46.

  In May 2014, before this case was removed to federal court, the Superior Court granted summary judgment on the FAC in favor of defendants including Prosper. See Dkt. No. 90. On November 21, 2014, the Court entered judgment in favor of these defendants. Id. DuFour has appealed this judgment to the Ninth Circuit as well. Dkt. No. 110. On January 26, 2015, the Court denied without prejudice Prosper's motion for attorneys' fees based on the FAC, finding that the best course of action was to defer ruling on that motion until the resolution of DuFour's appeal. Dkt. No. 140.

  On February 17, 2015, Prosper filed a motion for voluntary dismissal without prejudice of the Cross-Complaint. Dkt. No. 141. DuFour filed an opposition on March 2, 2015, and Prosper replied on March 9, 2015. Dkt. Nos. 155, 158. After considering the parties' arguments, the Court finds and concludes as follows.

**II. LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." Stevedoring Servs. of Am. v. Armilla Int'l, B.V., 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands Water Dist., 100 F.3d at 96. Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument," and focuses on "the rights and defenses available to a defendant in future litigation." Id. at 97. For example, legal prejudice may result when a dismissal without prejudice "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense," or "when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims." Id. A defendant may also suffer plain legal prejudice if dismissal without prejudice prevents it from bringing a motion for attorneys' fees as a prevailing party, because "dismissal without prejudice precludes prevailing party status." United States v. Ito, 472 F. App'x 841, 842 (9th Cir. 2012). A district court may also consider such factors as the stage of litigation and the moving party's delay in requesting voluntary dismissal, as well as indications of forum shopping. See Cent. Mont. Rail v. BNSF Ry. Co., 422 F. App'x 636, 638 (9th Cir. 2011).

Legal prejudice is not, however, established "because a dispute remains unresolved" or by the mere "threat of future litigation." Westlands Water Dist., 100 F.3d at 96–97; see also Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994) ("The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice."). Neither is legal prejudice present just because the plaintiff "gains some tactical advantage." Hamilton v. Firestone Tire & Rubber Co, Inc., 679 F.2d 143, 145 (9th Cir. 1982).

Nor does "the expense incurred in defending against a lawsuit . . . amount to legal prejudice," especially because dismissal without prejudice may be conditioned "upon the payment of appropriate costs and attorney fees." Westlands Water Dist., 100 F.3d at 97. Still, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

mandatory." Id.; see Stevedoring Servs. of Am., 889 F.2d at 921 (holding a district court had not abused its discretion by refusing to require payment of costs and attorneys' fees).

By order, a district court may dismiss an action with prejudice on a motion for voluntary dismissal under Rule 41(a)(2). Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001); see Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). "Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation." Larsen v. King Arthur Flour Co., No. C 11-05495 CRB, 2012 WL 2590386, at *1 (N.D. Cal. July 3, 2012) (citing Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)); see also Gonzalez, 2008 WL 612746, at *3 ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice."). Therefore, a "plaintiff faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment." Gonzalez, 2008 WL 612746, at *3.

A district court's resolution of a Rule 41(a)(2) motion is reviewed for abuse of discretion. Westlands Water Dist., 100 F.3d at 96; Hyde & Drath, 24 F.3d at 1169.

### III. ANALYSIS

#### A. Dismissal Without Prejudice

Prosper represents that it filed the Cross-Complaint "in an effort to preserve various affirmative claims arising out of" the purported Enrollment Agreement. Mot. at 4. It maintains that it wishes to dismiss the Cross-Complaint without prejudice because:

> (i) it is a prevailing party on summary judgment herein, which may be ripe for appeal, (ii) it does not wish to delay any such appeal, (iii) good faith efforts to informally settle the matter have been unsuccessful, (iv) the relief requested appears to now be duplicative and unnecessary, (v) the continued pursuit thereof may be a procedural impediment to such relief (i.e., pursuant to a motion for [attorneys'] fees), and (vi) for purposes of efficiency and judicial economy, [Prosper] no longer desires to pursue its Cross Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Id. at 2. Prosper states that it wants the dismissal to be without prejudice so that Prosper can pursue its claims for affirmative relief in the event that the Ninth Circuit overturns the summary judgment granted in its favor. Id. at 2 n.1. Prosper argues that DuFour will suffer no legal prejudice because he already attempted to seek affirmative relief in response to the Cross-Complaint through his Cross-Cross-Complaint, which this Court dismissed on September 15, 2014.[2] Prosper also argues that because DuFour has already filed an answer and affirmative defenses to the Cross-Complaint, and has appealed the dismissal of the Cross-Cross-Complaint, he will not lose any legal rights through dismissal without prejudice of the Cross-Complaint.

DuFour opposes the motion, and argues that Prosper should only be allowed to dismiss the Cross-Complaint with conditions, or with prejudice. DuFour argues that he would be prejudiced by a dismissal without conditions because Prosper would thereby be able to request attorneys' fees on the FAC "immediately despite [the Court's] tentative ruling that this argument is premature." Opp'n at 2. But the Court's final ruling on Prosper's motion for attorneys' fees was to "defer ruling . . . until the resolution of DuFour's appeal" to the Ninth Circuit, and allow Prosper to renew its motion "within 14 days of" that court's mandate on the pending appeal. Dkt. No. 140 at 4 (emphasis added). And as reiterated below, DuFour's reliance on portions of a tentative ruling that were not included in the subsequently issued final order is improper and unavailing.

DuFour also argues that dismissal without prejudice would be unfair because it would allow Prosper to reassert the Cross-Complaint in the event the Ninth Circuit reverses this Court's rulings in favor of Prosper on the FAC. But as stated above, "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." Westlands Water Dist., 100 F.3d at 96; see also Hyde & Drath, 24 F.3d at 1169 ("The inconvenience of defending another lawsuit . . . does not constitute prejudice."). For these reasons, the Court finds that DuFour has identified no "plain legal prejudice" that would justify a refusal to dismiss the Cross-Complaint without prejudice.

**B. Conditions on Dismissal**

---

[2]Prosper "[a]lternatively . . . acknowledges a willingness to consider dismissal with prejudice, but only if a good faith basis for the imposition of fees/costs or other conditions can be proven and [] determined by the Court." Mot. at 6 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

    Notwithstanding the foregoing, DuFour requests that any dismissal without prejudice be premised on three conditions: (1) Prosper's payment of costs and attorneys' fees relating to litigation of the Cross-Complaint and the alleged Enrollment Agreement on which it is based; (2) a requirement that Prosper answer certain interrogatories; and (3) that the Court "preserve" certain aspect of a tentative order it issued to the parties in advance of oral argument on Prosper's previous motion for attorneys' fees. Prosper opposes each of these conditions, which the Court addresses in turn.[3]

    1.    Payment of Costs and Fees

    In determining whether to award fees and costs as a condition of voluntary dismissal without prejudice:

> Courts in this circuit consider a variety of factors . . . including any "excessive and duplicative expense" of a second litigation, the effort and expense incurred by defendant preparing for trial, the extent to which the litigation has progressed, the plaintiff's diligence in moving to dismiss, whether awarding costs would discourage plaintiffs from seeking early dismissal of their actions and instead encourage them to take their chances at trial, and whether the imposition of attorneys' fees would produce an "anomalous result" where defendants could not recover fees if they prevailed at trial.

---

    [3]Alternatively, DuFour indicates that he does not oppose the Court's dismissing the Cross-Complaint with prejudice, and states that if the Court does so, he will file a motion for attorneys' fees as the prevailing party on the Enrollment Agreement. Opp'n at 8–9. In reply, Prosper states that "if the Court is inclined to condition a dismissal, Prosper would consider stipulating to the dismissal of the matter with prejudice." Reply at 7. Prosper also points out that California Civil Code Section 1717(b)(2), which governs attorneys' fees in an action on a contract, provides that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section." Because the Court determines that unconditioned dismissal without prejudice is appropriate, it need not address these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Gonzalez v. Proctor & Gamble Co., No. 06-cv-869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) (citations omitted). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." Westlands Water Dist., 100 F.3d at 97.

Requesting that the Court condition any dismissal without prejudice on Prosper's payment of costs and attorneys' fees, DuFour points to protracted litigation over the "enforceability of the e-signed Enrollment Agreement allegedly entered into" by DuFour. DuFour asserts that this litigation began when Prosper filed a petition to compel arbitration in 2012, which was denied, and continued with the filing of second petition to compel arbitration, which Prosper then voluntarily withdrew. DuFour asserts that he incurred expenses for "extensive attorney time . . . preceding the filing of Prosper's cross-complaint [that] formed the basis of his twenty-four affirmative defenses" set forth in his answer to the Cross-Complaint, and that these efforts "can be directly linked" not only to the Cross-Complaint, but also to the petitions to compel arbitration and summary judgment motions filed by Prosper in the Superior Court. DuFour concludes that it is "only fair and equitable" that he be awarded attorneys' fees "incurred for the unnecessary expense caused by the litigation regarding the e-signed Enrollment Agreement which culminated in the filing of" the Cross-Complaint. Opp'n at 4–5.

The Court concludes that it is not appropriate to condition dismissal without prejudice on payment of costs and fees in this action. "Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993). Because DuFour admits that much of the work product for which he seeks fees predates the filing of the Cross-Complaint and was directed at the litigation of DuFour's complaints, it cannot be said that this work product will be "rendered useless by the dismissal". Moreover, DuFour has not identified "work which cannot be used in any future litigation of these claims" should Prosper reassert them, which is the only work for which attorneys' fees are properly awarded in this circuit as a condition of voluntary dismissal. Westlands Water Dist., 100 F.3d at 97. The Court also notes that proceedings on the Cross-Complaint itself appear to be limited to a single demurrer denied in Prosper's favor. Accordingly, the Court denies DuFour's request to condition dismissal on the payment of attorneys' fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

**B.     Interrogatory Responses**

DuFour also requests that the Court condition dismissal without prejudice on compliance with any order on a motion he intends to file to compel Prosper to respond to two interrogatories regarding "other former students who had similar complaints as" DuFour, to which Prosper has objected. DuFour reasons that Prosper's motion to voluntarily dismiss the Cross-Complaint is partially motivated by a desire to deprive him "of easy access to information that will aid his case against remaining defendants in the case, including Prosper's cohorts." He contends that an unconditional dismissal would require him "to undertake expensive third-party discovery proceedings" in order to obtain this information. Opp'n at 5–7.

Prosper responds that DuFour's requested condition is unsupported by precedent, and objects that the discovery requests themselves are "irrelevant, outside the scope of the pleadings, and intended by DuFour to obtain evidence to support a distinct and threatened class action lawsuit against Prosper." Prosper argues that because the Cross-Complaint raises only a single claim for breach of contract, it should not be used as a vehicle to "revive" DuFour's dismissed claims or obtain information to support an independent class action lawsuit.[4]

The Court agrees that DuFour's request to condition discovery on compelling Prosper to respond to certain interrogatories is unsupported by precedent. In support of this condition, DuFour cites two district court cases. In the first, one of two plaintiffs moved for voluntary dismissal with prejudice pursuant to a settlement, and the other plaintiff opposed that dismissal on the ground that, because the two plaintiffs were formerly represented by the same counsel, the remaining plaintiff's attorney—who had appeared late in the action and taken a passive role—lacked copies of various discovery-related documents. Hudson Eng'g Co. v. Bingham Pump Co., 298 F. Supp. 387, 389

---

[4]Prosper represents that the interrogatories seek the name and contact information of any student referred by Prosper to Staggs Financial Group, LLC, an entity that DuFour alleged in the FAC had participated in a fraudulent referral scheme with Prosper. Prosper argues that information about Prosper's relationship with Staggs Financial Group is immaterial to the Cross-Complaint's "simple cause of action for breach of contract . . . alleging DuFour failed to honor the terms of his Enrollment Agreement." Reply at 6–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-05616-CAS-SS | Date | March 19, 2015 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

(S.D.N.Y. 1969). The court approved, as a condition of dismissal, a protective order "not seriously objected to" by any party that required the dismissing plaintiff to furnish, at the remaining plaintiff's expense, the existing records and other reasonably requested documents, and also required the defendant to give to the remaining plaintiff documents previously produced in connection with the suit. Id. In the second cited case, the court conditioned dismissal without prejudice on a stipulation "that defendants may use, for any purpose permitted by the court in which a second action may be brought, the discovery conducted in this action." Bready v. Geist, 85 F.R.D. 36, 38 (E.D. Pa. 1979). Neither case supports conditioning a voluntary dismissal on a dismissing party's production of discovery to which it objects, let alone in a situation where the discovery is not directly related to the claims of the complaint being dismissed. Accordingly, the Court declines to condition dismissal on requiring responses to any interrogatories.

### C. Tentative Rulings

Finally, DuFour argues that any dismissal without prejudice should be conditioned on an order making "binding" a tentative order distributed before oral argument on Prosper's motion for attorneys' fees. Opp'n at 7. But the portions of that tentative order that DuFour wishes to enforce were not included in the Court's final order; moreover, even in the tentative order, the Court based its denial without prejudice of that motion on the pendency of the Cross-Complaint, not the dicta DuFour wishes to make binding. DuFour has no basis for requesting that the Court condition dismissal on any language in a tentative ruling, and is admonished to only cite in any future proceedings minute orders that were actually issued and made a part of the record in this case.

### IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Prosper's motion to voluntarily dismiss the Cross-Complaint without prejudice, and without conditions.

IT IS SO ORDERED

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | PG | |