UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT COURT | |
|---|---|---|
| CONNIE LEE | DEBI READ | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Andrew Kulick | Scott Christensen | |

**Proceedings:** PLAINTIFF'S MOTION FOR RECONSIDERATION (Filed 10/23/15)[229]

## I.  INTRODUCTION & BACKGROUND

On October 23, 2015, plaintiff Frank Dufour filed the instant motion for reconsideration of this Court's order granting summary judgment in favor of defendant Millennium Bank, N.A ("defendant" or "Millenium").  Dkt. 229.  On November 2, 2015, Millennium filed an opposition, Dkt. 232, and on November 6, 2015, plaintiff filed a reply, Dkt. 233.

In the Fourth Amended Complaint ("FAC"), plaintiff asserts claims against Millennium for (1) negligence, (2) breach of the duty of good faith and fair dealing, and (3) constructive trust.  FAC.  In the Court's prior order, the Court determined that all of these claims were barred by the applicable statutes of limitations.  Dkt. 228, at 14.  Specifically, the Court determined that, while plaintiff had been aware of the facts underlying his claims against Millennium from, at a minimum, May 25, 2008, he had not filed this action until February 8, 2012.  Id. at 11.  With regard to plaintiff's claim for negligence, the Court determined that plaintiff's claim was barred by the two-year statute of limitations for negligence claims pursuant to California Code of Civil Procedure § 335.1.  Id. at 10.  With regard to plaintiff's claim for breach of the implied covenant of good faith and fair dealing, the Court determined that plaintiff's claim was barred by the two-year statute of limitations applicable to claims for breach of an oral contract.  Id. at 11.  Finally, with regard to plaintiff's claim for constructive trust, the Court determined that "as an equitable remedy, the statute of limitations for constructive trust is the same as plaintiff's other claims."  Id. at 10 (citing Davies v. Krasna, 14 Cal. 3d 502, 516 (1975)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

("[A]n action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right.")).

Accordingly, because plaintiff had known about his claim for more than three years prior to filing this action, and because all of plaintiff's claims were subject to a two-year statute of limitations, the Court granted summary judgment in favor of Millennium on statute of limitations grounds. Id. at 14. Plaintiff now moves for reconsideration of that decision.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . [any] reason that justifies relief." Motions for reconsideration are justified where there is the availability of new evidence or the need to correct a clear error or prevent manifest injustice. See Page v. Something Weird Video, 960 F.Supp. 1438, 1440 (C.D.Cal.1996). "Of course, in any 'newly discovered evidence' situation there is the vital discretion element in which the Judge inescapably has to measure the impact of the 'new' against the whole record." Laguna v. Royalty Co. v. Marsh, 350 F.2d 817, 824 n.13 (5th Cir. 1965). Under Central District Civil Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." See L.R. 7-18.

## III. ANALYSIS

### A. Plaintiff's Claim for Negligence

As stated above, the Court previously determined that plaintiff's claim for negligence was barred by the two-year statute of limitations for negligence claims pursuant to California Code of Civil Procedure § 335.1. In his motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

reconsideration, plaintiff now argues that the court should have applied the four-year statute of limitations which he contends applies to claims for breach of fiduciary duty. This argument is without merit.

Plaintiff's FAC clearly states that he asserts a claim for negligence, not breach of fiduciary duty, against Millenium. See FAC. And, in his opposition to Millennium's motion for summary judgment, plaintiff *himself* contended that the two-year statute of limitations for negligence claims should apply in this case. Dkt. 202, at 6. Plaintiff may not now, after the Court has granted summary judgment against him, convert his claim for negligence into a claim for breach of fiduciary duty. Nonetheless, plaintiff argues that the Court should look beyond the label attached to his claim and instead look to the substance of his claim, which he contends shows that this claim is in fact one for breach of fiduciary duty. See Thomson v. Canyon, 198 Cal.App. 4th 594, 606 (2011) ("To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action.") (citations omitted).

However, here, the substance of plaintiff's claim charges Millennium with *negligence* in supervising two of its alleged employees—Kenny Gregg and Trent Staggs. See FAC ¶ 103 ("Plaintiff alleges that defendant, [Millennium] as the employer for Kenny Gregg and Trent Staggs, breach[ed] their duty to plaintiff and is thus responsible under the legal theory of respondeat superior by failing to supervise the activities of their employees."). While plaintiff contends that he was in a fiduciary relationship with these employees, his claim against Millennium is based in negligence. See also id. (alleging that Millennium failed to "maintain adequate internal controls").

Finally, even if the substance of plaintiff's claim did sound in breach of fiduciary duty, nothing would have prevented plaintiff from raising that argument in opposition to Millenium's motion for summary judgment. See Waters v. Howard Sommers Towing, Inc., 2013 WL 5551855, at *2 (C.D. Cal. Oct. 7, 2013) (declining to consider an argument raised for the first time on a motion for reconsideration). In fact, in his opposition, plaintiff raised the issue of his fiduciary relationship with Gregg and Staggs as a potential grounds for delaying the accrual of his negligence claim. Accordingly, plaintiff has presented no convincing rationale for recharacterizing his negligence claim as a claim for breach of fiduciary duty at this late stage in litigation. The Court therefore DENIES plaintiff's motion for reconsideration as to his negligence claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

### B. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealin

The statute of limitations for commencing an action for breach of contract, including for breach of the implied covenant of good faith and fair dealing, is two years if the contract is oral and four years if the contract is written. Id. §§ 337, 339. In the Court's prior order, it determined that the two-year statute of limitations for breach of an oral contract should apply to plaintiff's claim. Specifically, the Court stated:

> [T]he Court has serious doubts that any contract existed between plaintiff and Millennium; however, even assuming that a contract did exist, the contract was apparently an oral contract given that plaintiff has provided no evidence of a written contract with Millennium. Therefore, the court finds that the two-year statute of limitations is applicable here.

Dkt. 228, at 11.

As one of the bases of plaintiff's motion for reconsideration, he contended that he had identified two written contracts purportedly entered into by plaintiff and Millennium. Mot., at 4. Plaintiff attached these purported contracts as Exhibits 1 and 2 to his motion for reconsideration. See id. Exs. 1, 2. However, in opposition, Millennium contended that plaintiff had failed to demonstrate the admissibility of these documents. Opp'n., at 5. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am. NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). Plaintiff responded that, in order to authenticate these documents, it was necessary to take a deposition of Millennium's person most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6). Reply, at 3-4. Accordingly, the Court granted plaintiff permission to take a deposition of Millennium's Rule 30(b)(6) witness, the primary purpose of which would be to authenticate the written contracts identified in plaintiff's motion for reconsideration. Dkt. 234.

At the deposition, however, Millennium's Rule 30(b)(6) witness was unable to authenticate the written contracts because he had never seen the documents before.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

FDIC-Receiver's Supplemental Br., at 3.[1] Nonetheless, plaintiff argues that the documents can be authenticated through circumstantial evidence.

In general, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "[T]he rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." United States v. Tank, 200 F.3d 627, 630 (9th Cir. 2000) (citing United States v. Black, 767 F.2d 1334, 1342 (9th Cir.1985)). The Court finds that, as to at least one of the contracts, Exhibit 1, plaintiff has satisfied the standard for authentication under the Federal Rules of Evidence. Exhibit 1 is entitled "Mortgage Brokerage Business Contract" and is signed by plaintiff, his wife, and Kenny Gregg. Dkt 229, Ex. 1. The agreement also identifies "Millennium Home Loans," which plaintiff submits is a subsidiary of Millennium Bank, as the "mortgage brokerage business" and states that Gregg signed the contract on behalf of Millennium Home Loans. Id. Finally, while the FDIC's Rule 30(b)(6) witness was unable to affirmatively authenticate this document, he was also unable to identify any basis for disputing its authenticity. Cheek Deposition, at 62:21-64:10. Particularly given that Millennium was unable to identify any grounds for questioning the authenticity of this document, the Court finds that plaintiff has satisfied his burden of authentication. See also Stuckey v. N. Propane Gas Co., 874 F.2d 1563, 1574 (11th Cir. 1989) (finding no abuse of discretion in admitting minutes of a committee meeting where "[t]he only direct evidence offered to authenticate the documents came from the testimony of one of the committee members who said the documents 'looked like he expected them to look' and the opposing party offered no evidence to question their authenticity.).

In the Court's prior order, it reasoned that plaintiff had failed to submit any evidence of a written contract between plaintiff and Millennium and therefore, the two-year statute of limitations for breach of an oral contract should apply to his claim.

---

[1] Millennium, which is a failed bank, is represented in this action by the FDIC, as receiver for Millennium. FDIC's Supplemental Br., at 3-4. According to the FDIC, the written contracts plaintiff has produced were not found within the records of Millennium the FDIC obtained when the bank failed and therefore the FDIC's Rule 30(b)(6) witness was unable to authenticate them. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

Plaintiff has now submitted evidence of a written contract between himself and Millennium. Accordingly, it appears that the Court's prior ruling no longer comports with the evidence in this case and the four-year statute of limitations for breach of a written contract should apply in this case.[2] Because, applying a four-year statute of limitations, plaintiff's claim is not time-barred, the Court GRANTS plaintiff's motion for reconsideration as to his claim for breach of the implied covenant of good faith and fair dealing.

### C. Plaintiff's Claim for Constructive Trust

As stated above, as an equitable remedy, the statute of limitations for constructive trust is the same as plaintiff's other claims. Davies v. Krasna, 14 Cal. 3d 502, 516 (1975) ("[A]n action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right."). Accordingly, because the Court finds that plaintiff's claim for breach of the implied covenant of good faith and fair dealing is subject to a four-year statute of limitations it also concludes that plaintiff's claim for constructive trust is subject to a four-year statute of limitations. Therefore, the Court GRANTS plaintiff's motion for reconsideration as to his constructive trust claim as well.

---

[2] In opposition to plaintiff's motion for reconsideration, and at oral argument, counsel for Millennium contended that plaintiff had knowledge of these written agreements from as early as 2006, and therefore could have presented them in opposition to Millennium's motion for summary judgment. It is not entirely clear why plaintiff did not present these documents prior to his motion for reconsideration. However, at the hearing plaintiff claimed that insufficient discovery had prevented him from understanding the relevance of these documents. Moreover, given that these documents appear to directly contradict the evidence the Court relied upon in its order granting summary judgment in favor of Millennium, the Court finds that it would result in unfairness to plaintiff not to consider these documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV14-5616-CAS(SSx) | Date | December 14, 2015 |
| Title | *FRANK DUFOUR v. ROBERT ALLEN, ET AL.* | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** in part and **DENIES** in part plaintiff's motion for reconsideration of the Court's prior order granting summary judgment in favor of Millennium. The Court **VACATES** those portions of its prior order concluding that plaintiff's claims for breach of the implied covenant of good faith and fair dealing and for constructive trust were barred by the applicable statutes of limitation.[3]

IT IS SO ORDERED

|  | 00 | : | 28 |
|---|---|---|---|
| Initials of Preparer | | CL | |

---

[3] In addition, at oral argument, counsel for Millennium also raised a number of grounds on which he contended plaintiff's claims were procedurally and factually defective. For example, he contended that plaintiff may not have administratively exhausted any claims based on a breach of the written agreements identified in the instant motion, and he contended that plaintiff was improperly attempting to hold Millennium liable for the actions of its subsidiary, Millennium Home Loans. Without reaching the merits of these arguments, the Court finds that they are more appropriately addressed on a renewed motion for summary judgment.