UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO REVIEW MAGISTRATE JUDGE SEGAL'S ORDER ENTERED FEBRUARY 24, 2016 (Dkt. 247, filed March 3, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 4, 2016, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

Plaintiff Frank Dufour initiated this action on February 8, 2012 in Los Angeles County Superior Court. Dkt. 1. After several motions to dismiss and for summary judgment, the sole remaining defendant is Millennium Bank, N.A. ("Millennium Bank"). On February 28, 2014, the FDIC was appointed as receiver of Millennium Bank, which is a failed bank. On July 29, 2015, the FDIC filed a motion for summary judgment as to all of plaintiff's claims against Millennium Bank. Dkt. 183. On September 28, 2015, the Court granted the FDIC-receiver's motion for summary judgment in its entirety. Dkt. 228. Thereafter, plaintiff filed a motion for reconsideration, Dkt. 229, which the Court granted in part, Dkt. 237. Specifically, the Court permitted plaintiff to proceed on his claims for breach of the implied covenant of good faith and fair dealing and for constructive trust against Millennium Bank.

After the Court issued its order on plaintiff's motion for reconsideration, the parties met and conferred to clarify the scope of discovery in light of the Court's order. Nonetheless, a dispute arose between the parties regarding the appropriate scope of discovery. At base, it appears that plaintiff believes the FDIC has not been forthcoming in searching the records of Millennium Home Loans—a former subsidiary of Millennium

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

Bank. The FDIC contends that it is the receiver solely for Millennium Bank, and not Millennium Home Loans. According to the FDIC, "Millennium Home Loans ceased to exist seven years before Millennium Bank was placed in receivership." Opp., at 1. Thus, the FDIC has insisted that plaintiff's discovery requests be limited to the records of Millennium Bank, because the FDIC "does not have [the Records of Millennium Home Loans] except to whatever unknown extent they were commingled with Millennium Bank's records at the time the bank closed." Id. at 2. Plaintiff, however, has refused to limit his discovery requests to the records of Millennium Bank. Accordingly, on January 25, 2016, plaintiff filed a motion to compel seeking additional searches and production of documents by the FDIC relating to Millennium Home Loans. Dkt. 240. On February 24, 2016, Magistrate Judge Segal denied this motion. Dkt. 246.

On March 3, 2016, plaintiff filed a motion for review of Magistrate Judge Segal's order denying plaintiff's motion to compel. Dkt. 247. On March 14, 2016, the FDIC filed an opposition, Dkt. 248, and on March 21, 2016, plaintiff filed a reply, Dkt. 249. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a party may file objections to a magistrate judge's non-dispositive order within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The magistrate judge's decision "is entitled to great deference by the district court" United States v. Abonce–Barrera, 257 F.3d 959, 969 (9th Cir. 2001).

## III. ANALYSIS

Magistrate Judge Segal denied plaintiff's motion to compel principally on the grounds that it was procedurally defective—in particular, on the grounds that plaintiff had failed to comply with the requirement of Central District Local Rule 37 that a motion to compel be submitted with a joint stipulation. In the alternative, Magistrate Judge Segal also determined that plaintiff's motion could be denied on the grounds that it was substantively defective, because the FDIC had represented that it had produced all responsive documents and plaintiff failed to demonstrate that this representation was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

false. The Court finds that Magistrate Judge Segal's ruling can be upheld on either of these grounds.

### A. Plaintiff's Motion to Compel was Procedurally Defective

Pursuant to Central District Local Rule 37-1, prior to filing any discovery motion pursuant to Federal Rules of Civil Procedure 26 to 37, counsel for the parties must meet and confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. If counsel are unable to settle their differences, Local Rule 37-2 then provides that counsel "shall formulate a written stipulation" that "shall be filed and served with the notice of motion." The joint stipulation "must be set forth in one document signed by both counsel" and "shall contain all issues in dispute and, with respect to each such issue, the contentions and points of authorities of each party." C.D. Cal. L.R. 37-2.1.

Local Rule 37-2.2 sets forth the procedure for preparing the joint stipulation. Specifically, "following the conference of counsel, counsel for *the moving party* shall personally deliver, e-mail, or fax to counsel for the opposing party the moving party's portion of the stipulation." C.D. Cal. L.R. 37-2.2 (emphasis added). Opposing counsel then has seven days to prepare its portion of the stipulation and deliver it to the moving party. Id. The moving party must then combine the two parties' portions of the stipulation, sign the stipulation, and deliver it to the opposing counsel for signature. Id. Finally, the moving party is responsible for filing the fully signed joint stipulation with the notice of motion. Id.

Pursuant to Central District Local Rule 37-2.4: "The Court will not consider any discovery motion in the absence of a joint stipulation." Moreover, the rule only excuses the joint stipulation requirement if counsel for the moving party submits a declaration establishing that opposing counsel: (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37- 2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. C.D. Cal. L.R. 37-2.4.

In her order, Magistrate Judge Segal concluded that "Plaintiff's counsel ha[d] failed to file the required joint stipulation along with the Motion [to Compel]" and that "[n]one of L.R. 37-2.4's exceptions appl[ied]." Dkt. 246, at 2. Accordingly, Magistrate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

Judge Segal denied plaintiff's motion to compel for "failure to comply with the Local Rules." Id. Failure to comply with the requirements of Local Rule 37 is a valid grounds for denying a discovery motion. See Cavanaugh v. S. Cal. Permanente Med. Grp., Inc., 583 F. Supp. 2d 1109, 1139 (C.D. Cal. 2008) ("Under Local Rule 32–2.4, the failure to provide a Joint Stipulation and/or a Fed. R. Civ. P. 37(a)(2) certification will result in the court's refusal to consider any such discovery motion."); Lumber Liquidators, Inc. v. Sullivan, 2012 WL 4464867, at *4 (C.D. Cal. Aug. 31, 2012) (denying discovery motion for failure to comply with C.D. Cal. L.R. 37-2); So v. Land Base, LLC, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009) (same). Moreover, this is the second time in this case that one of plaintiff's discovery motions has been denied for failure to comply with Local Rule 37. See Dkt. 220, at 3 ("[T]he Motions are DENIED for failure to comply with the provisions of Local Rule 37-2 requiring discovery disputes to be presented to the Court in the form of a Joint Stipulation."). Accordingly, Magistrate Judge Segal correctly concluded that plaintiff's motion to compel was procedurally defective and could be denied on that ground.

Plaintiff argues, nonetheless, that Local Rule 37 does not apply in this case because his motion to compel is not properly considered a discovery motion. Specifically, plaintiff contends that, rather than seeking to compel discovery, his motion sought to compel the FDIC's compliance with a prior court order issued by Magistrate Judge Segal on September 11, 2015. This argument fails for two reasons: First, regardless of how plaintiff styles his motion, it is still at base a motion to compel discovery. In his motion, plaintiff expressly stated that he was moving "for an order compelling production of documents" and referenced two of his earlier filed Requests for Production of Documents. See Dkt. 240, at 2. Thus, plaintiff's motion was, for all intents and purposes, a discovery motion subject to the requirements of Local Rule 37.

Second, plaintiff incorrectly reads Magistrate Judge Segal's September 11, 2015 order. In that order, Magistrate Judge Segal set forth a discovery protocol for the parties to comply with. However, she expressly stated that this discovery protocol would apply "only in the event that Judge Snyder, for the express purpose of permitting further discovery, denies the FDIC's summary judgment motion as premature or continues ruling on the summary judgment motion for the purpose of conducting additional discovery." Dkt. No. 220, at 4 (emphasis in original). This Court did not deny as premature or continue ruling on the FDIC's motion for summary judgment. Nor did the Court deny the FDIC's motion "for the express purpose of permitting further discovery." Rather, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

Court initially granted the FDIC's motion in its entirety on the grounds that all of plaintiff's claims were barred by the applicable statutes of limitation. Then, after reconsideration, the Court determined that two of plaintiff's claims might not be barred and, accordingly, denied the motion for summary judgment—on its merits—as to these two claims. Thus, Magistrate Judge Segal's September 11, 2015 order does not apply.

Accordingly, the Court finds that Magistrate Judge Segal's order denying plaintiff's motion to compel was not "clearly erroneous or contrary to law."

### B. Plaintiff's Motion to Compel was Substantively Defective

Magistrate Judge Segal also concluded in the alternative that, even if plaintiff's motion to compel were not procedurally defective, she would still deny the motion on its merits. Specifically, she stated:

> Plaintiff seeks to compel an additional search, using the term "Millennium Home Loans, etc." However, the FDIC acts only as a receiver for "Millennium Bank." The FDIC-Receiver does not possess the records of Millennium Home Loans. The FDIC-Receiver has already searched for and produced all responsive documents from Millennium Bank's records in its possession, custody or control.
>
> Accordingly, the Motion also fails on the merits, as all responsive documents have been produced. Plaintiff has failed to demonstrate that any of the assertions regarding the production of documents by the FDIC is incorrect. The Motion is DENIED on this alternative ground as well.

Dkt. 246, at 2-3 (citations omitted).

In his papers, plaintiff appears to principally disagree with Magistrate Judge Segal's conclusion that, because the FDIC is only the receiver of Millennium Bank, the FDIC is unable to search or produce the records of Millennium Home Loans. However, when the FDIC was appointed receiver of Millennium Bank it only received the records of Millennium Bank, not Millennium Home Loans. The FDIC has conceded that there may be records pertaining to Millennium Home Loans "commingled with Millennium

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

Bank's records." Opp'n., at 2. But the fact remains that the only records the FDIC possesses are those that belonged to Millennium Bank at the time the bank failed. As such, the FDIC cannot search the records of Millennium Home Loans for the simple reason that it does not possess them.[1]

      In his reply, plaintiff cites several out of circuit cases for the proposition that a party may be ordered to produce documents in the possession of a non-party if "the party has control or has a legal right to obtain" those documents. Reply, at 11 (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Japan Halon Co., Ltd. v. Great Lakes Chem. Corp., 155 F.R.D. 626, 627 (N.D. In. 1983); United States v. Faltico, 586 F.2d 1267 (8th Cir. 1978); FDIC v. Butcher, 116 F.R.D. 196, 199 (E.D. Tenn. 1996)). Plaintiff appears to contend that, because Millennium bank held a majority stake in Millennium Home Loans, the FDIC should be able to search for the documents plaintiff is requesting. But the problem here is not whether Millennium Bank holds legal authority over the documents and records of Millennium Home Loans. Rather, according to the FDIC, Millennium Home Loans no longer exists and, in fact, ceased to exist seven years before the FDIC took receivership of Millennium Bank. Plaintiff makes no effort to refute this in his papers. Thus, it is not clear what has happened to the documents formerly in the possession of Millennium Home Loans. Even if Millennium Bank at one point had the authority to obtain possession of Millennium Home Loans' records—an assertion that is unclear from the record in this case—the FDIC cannot be expected to search for documents that no longer exist. And if any of Millennium Home Loans records have been "commingled" with the records of Millennium Bank, a search through Millennium Bank's records will likely produce those documents.

      Finally, plaintiff takes issue with Magistrate Judge Segal's finding that the "FDIC-Receiver has already searched for and produced all responsive documents from

---

[1] In fact, plaintiff has previously acknowledged that because the FDIC is only the receiver of Millennium Bank that necessarily limits the information available to the FDIC. See Dkt. 171, May 5, 2015 Stipulated Protective Order, at 4 ("Plaintiff acknowledges that, because the FDIC was appointed receiver for Millennium Bank, the 'information known or reasonably available' to the FDIC-Receiver is limited to information that the FDIC- Receiver is able to obtain from a good faith investigation of the books and records of *Millennium Bank*.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

Millennium Bank's records in its possession, custody and control." Plaintiff contends that "[t]his is indisputably wrong" and that "[t]he FDIC *has not even conducted a search for documents responsive to [Request for Production of Documents set 2]*, let alone produced, any of the documents responsive to that request. Dkt. 247, at 9 (emphasis in original). But the FDIC has searched and produced documents from the records of Millennium Bank. See Dkt. 241-2, Christensen Decl. ¶ 4 (noting that, pursuant to a letter agreement between the parties, "the FDIC-Receiver has produced all responsive documents from Millennium Bank's records from December 1, 2005 through August 31, 2006 that refer to: "Millennium Home Loans," "Dufour," "Kenny," "Gregg," "Trent," "Staggs," and "Jackson, Mississippi," among other search terms listed in the letter agreement."). And the FDIC states that it is willing to perform more searches and produce further documents if plaintiff is willing to limit his request to the records of Millennium Bank—i.e., the records actually in the FDIC's possession. Thus, it appears the FDIC is willing to produce additional discovery if plaintiff is willing to agree to their request to limit discovery solely to documents in the FDIC's possession, custody, or control. As the FDIC explains, it "simply cannot search records that it does not have." Opp'n., at 15.

      Accordingly, the Court agrees with Magistrate Judge Segal's conclusion that there was no basis for compelling the FDIC to produce additional discovery. Magistrate Judge Segal's ruling was, therefore, not "clearly erroneous or contrary to law."

### IV. CONCLUSION

      In accordance with the foregoing, the Court **DENIES** plaintiff's motion for reconsideration.

      IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |