UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | July 28, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   (IN CHAMBERS) - SECOND REQUEST FOR DEFAULT JUDGMENT AGAINST DEFENDANT GIDDENS & GIDDENS (Dkt. 253, filed June 23, 2016)

SECOND REQUEST FOR DEFAULT JUDGMENT AGAINST DEFENDANT CHARLIE PAYNE (Dkt. 254, filed June 23, 2016)

On June 23, 2016, plaintiff Frank Dufour filed two requests for default judgment against defendants Charlie Payne ("Payne") and Giddens & Giddens ("Giddens"). Dkt. 253, 254.[1] Plaintiff requests that the Court enter a judgment in his favor against these defendants in the amount of $3,565,493.57. Nonetheless, the Court finds that plaintiff has failed to set forth a sufficient basis for the Court to enter a default judgment in his favor.

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, in his motions for default judgment, plaintiff does not address any of these factors. Most significantly, plaintiff makes no attempt to explain the merits of his substantive claims or how the allegations in his operative complaint are

---

[1] The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 1, 2016, is vacated, and the matter is hereby taken under submission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | July 28, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR V. ROBERT ALLEN, ET AL. | | |

sufficient to warrant entry of default judgment. Indeed, at no point in his requests for default judgment does plaintiff set forth the legal basis for his claims or even cite case law. In light of these deficiencies in plaintiff's requests, and particularly given the large amount of damages plaintiff is requesting—more than $3 million—the Court finds that it is inappropriate to enter default judgment against defendants Payne and Giddens at this time. Eitel, 782 F.2d at 1472 (finding it was not an abuse of discretion to deny default judgment where, among other things, plaintiff "was seeking almost $3 million in damages").

Accordingly, the Court **DENIES** plaintiff's requests for entry of default judgment. However, the Court denies plaintiff's requests **WITHOUT PREJUDICE** to renewal. In any future requests for entry of default judgment plaintiff is instructed to clearly set forth why, accepting the allegations in the operative complaint as true, he is entitled to prevail on his claims against defendants Payne and Giddens.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |