UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present         Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF FRANK DUFOUR'S THIRD APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CHARLIE PAYNE (Dkt. 259, filed November 10, 2016)

(IN CHAMBERS) - PLAINTIFF FRANK DUFOUR'S THIRD APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GIDDENS & GIDDENS (Dkt. 260, filed November 10, 2016)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of December 19, 2016 is vacated, and the matters are hereby taken under submission.

## I.    INTRODUCTION

This lawsuit commenced on February 8, 2012, when plaintiff Frank DuFour filed a complaint in Los Angeles County Superior Court. DuFour filed the operative Fourth Amended Complaint ("FAC") on December 27, 2013, also in Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen, Enlightened Wealth Institute International, L.C., Enlightened Wealth Institute, L.C., Prosper Inc., Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and Giddens & Giddens ("Giddens"), as well as other Doe defendants. Id. ¶¶ 2–26. On February 28, 2014, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

defendant Millennium Bank, N.A., a failed bank.[1]  See Dkt. 1.  On July 19, 2014, the FDIC removed this action to federal court based on federal question jurisdiction.  Id.  The case was transferred to the undersigned on July 25, 2014. Dkt. 10.  A number of defendants have been dismissed pursuant to prior orders of this Court.

In brief, the FAC alleges that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course offered by Allen and Prosper, and to buy fraudulently marketed properties, from which defendants profited through undisclosed relationships with management and financing companies.  Plaintiff asserts three claims against Payne: (1) fraud/misrepresentation, (2) negligence, and (3) constructive trust; and two claims against Giddens: (1) negligence and (2) constructive trust.  See generally FAC.

On November 25, 2014, plaintiff filed a request for the Clerk of Court to enter default against Giddens on the FAC.  Dkt. 88.  The Clerk granted that request on December 3, 2014.  Dkt. 95.  On December 23, 2014, plaintiff requested that the Clerk enter default against Payne, which the Clerk did on December 29, 2014.  Dkts. 113, 117.

On June 22, 2015, the Court denied without prejudice plaintiff's first motion for default judgment against Payne and Giddens because of a risk of inconsistent judgments.  Dkt. 182.  The Court indicated that plaintiff could renew his motions at the conclusion of the case against the FDIC, acting as receiver for Millennium Bank.  Id.

On July 28, 2016, the Court denied without prejudice plaintiff's second motions for default judgment against Payne and Giddens because plaintiff did not address any of the relevant factors that must be considered upon a motion for default judgment.  Dkt. 258; see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (directing courts to consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the

---

[1] The FAC named "Millennium Home Loans, an unknown business entity," as a defendant, but did not name Millennium Bank.  See generally FAC.  However, on May 21, 2014, plaintiff filed in the Superior Court an application to amend the FAC based on an "incorrect name."  Dkt. 7-3.  This application represented that plaintiff had discovered the true name of "Millennium Home Loans" to be "Millennium Home Loans a/k/a Millennium Bank, N.A."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.).

On November 10, 2016, plaintiff filed the instant applications for entry of default judgment against Payne and Giddens; the motions appear to be identical. Dkts. 159, 160 ("Motions"). Plaintiff's motions, wherein he now addresses the Eitel factors, serve as renewals of his earlier motions.

## II.  BACKGROUND

The parties are familiar with the allegations in the FAC, which have been discussed in detail in prior orders. Accordingly, the Court sets forth only those allegations relevant to resolution of the instant dispute. Plaintiff alleges that Millennium Bank is a business entity liable in respondeat superior "as the employer for Trent Staggs and Kenny Gregg . . . regarding the purchase by plaintiff of two (2) properties, commonly referred to as 'La Salle' and 'Combs.'" FAC ¶ 17. Plaintiff contends that Payne is in individual who offered "over inflated appraisals" on properties including the Combs and La Salle properties. Id. ¶ 23. Giddens is alleged to be a law firm doing business in Mississippi and California. Id. ¶ 24. Plaintiff submits that defendants, including Payne and Giddens, are the agents, servants, employee, or in a joint venture with of each of the other co-defendants, including acting for and on behalf of each other and in doing the things herein alleged each acted within the course and scope of such agency, joint venture and employment with full knowledge and consent of the remaining co-defendants. Id. ¶ 28.

Plaintiff alleges that he was fraudulently induced into enrolling in a real estate investment course offered by Allen and Prosper, who then funneled him to other defendants who induced him into buying real property in Mississippi, including the Combs and La Salle properties. See id. ¶¶ 30–34. He alleges that Gregg, who was an employee of Millennium Bank, told him (among other misrepresentations) that plaintiff would profit from buying and renting out those properties, which would appreciate in value every year. Id. ¶¶ 38–40. When plaintiff offered to buy the Combs and La Salle properties, Gregg referred him to Staggs, a "loan originator and a loan purchaser," to pursue financing of those properties. Id. ¶ 41. Plaintiff alleges that Gregg and Staggs were the "driving force[s]" behind the real estate deals, and controlled information relating to the properties including faulty appraisals from Payne, an associate of theirs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Id. ¶ 42.  Plaintiff submits that Gregg and Staggs later became employees of Freedom, another defendant, and fraudulently induced him to purchase additional properties.  See id. ¶¶ 44, 45.

    Plaintiff further alleges that "[a]t the time these transactions took place, defendant[s] Gregg and Staggs referred plaintiff to . . . Giddens . . . who were to act as plaintiff's attorney in order to close these transactions [sic]."  Id. ¶ 46.  He submits that Giddens "never provided plaintiff with the materials needed to make an informed decision regarding the viability of acquiring these properties as investments."  Id. ¶ 100.  He also alleges that Giddens was "under a duty to sort out, if any, the complicated relationships between" defendants including Staggs, Gregg, and Millennium Bank, but failed to do so.  Id.  Plaintiff further contends that Millennium Bank failed to act as if the real property transactions were at "arms' length" because the transactions involved conflicts of interest with Staggs and Gregg, and because Millennium Bank failed to "maintain internal adequate controls regarding the business relationships established by said employees . . . in particular the business relationships established between Staggs and his company, Staggs Management with Allen, Prosper and/or EWI and also the defendant appraisers, Payne and [Jay B.] Ammons, as well as attorneys, [Steven] Usry and Giddens."  Id. ¶ 116.  Plaintiff contends that because of misrepresentations by defendants including Payne, Giddens, and Millennium Bank, he could not have validly "assented to any of the transactions entered into between the parties."  Id. ¶ 122.

    Plaintiff contends that he eventually learned that "Staggs' stories about these properties were false," and that the properties in fact caused him to lose money.  Id. ¶ 48.  When plaintiff decided to sell the properties, he initially believed—based on Payne's appraisals—that he would be able to do so at a profit, but later found out that those properties' values "had substantially dropped."  Id. ¶ 49.  Plaintiff alleges that he later learned that "the universal loans packaged by Staggs, when he was an employee of defendants [Millennium Bank and Freedom] were in fact a scam," and that Staggs "had intentionally misrepresented the true values of the properties by dramatically over-inflating the properties['] values through his co-conspirators, Payne and [another co-defendant]."  Id. ¶ 52.  Plaintiff also learned that Prosper owned an interest in Staggs' mortgage company, which, plaintiff submits, explains why he was referred to Staggs. Id.  DuFour alleges that if he had "been informed on the true nature of [the] value of the properties and [their] rental incomes, he would not have entered into these transactions or purchased these properties."  Id.  He asserts that defendants including Millennium Bank "intentionally turned a blind eye to the loan applications tendered to them," and "knew or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

should have known that the values of these properties and rental incomes were substantially overstated." Id. ¶ 53.

Plaintiff alleges against Payne his first claim for fraud/misrepresentation, id. ¶¶ 54–74; his third claim for negligence, id. ¶¶ 98–108; and his fifth claim for constructive trust, id. ¶¶ 121–28. Giddens is named in plaintiff's third and fifth claims for relief, although Giddens is also specifically mentioned in allegations pertaining to DuFour's fourth claim, see id. ¶ 116. All of plaintiff's claims for relief incorporate by reference all allegations of the preceding paragraphs of the FAC. See id. ¶¶ 54, 75, 98, 109, 121.

In the FAC, plaintiff alleges that to date he had "made payments and/or lost value due to the over stated value of the subject properties in excess of $400,000.00." Id. ¶ 123. Plaintiff also "estimate[s] his losses just from defendants' overstatement of equity to be $300,000.00," and alleges improvements and taxes paid "in excess of $50,000.00." Id. ¶¶ 125, 126. In addition to "special and general damages . . . in a sum unascertained" and to be proved at trial, "which at minimum involves the cost and interests [sic] of paying off these bogus loans," id. ¶ 108, plaintiff seeks "a constructive trust pertaining to all monies received by" defendants including Payne and Giddens, pertaining to six real estate transactions, including those for the Combs and La Salle properties, id. ¶ 128. Plaintiff "prays for judgment against the defendants, jointly and severally," for "general and special damages according to proof at the time of trial," and for a judgment imposing a constructive trust, among other relief. See id. at 41–42.

In the instant motions for default judgment, plaintiff seeks $1,029,279.66 in damages from Payne and Giddens. Motions at 12. These damages comprise special damages for plaintiff's "pay off of the loans as to the date of this judgment," in the sum of $702,361.14, and prejudgment interest at 10 percent per year, in the sum of $326,918.52. Id.

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11(The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entertainment Group, Inc. v. Bryant, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1471–72; see also Elektra Entertainment Group, 2004 WL 783123 at *1–2.

## IV. DISCUSSION

### A. Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given Payne and Giddens' failure properly to respond and defend this suit, plaintiff would be prejudiced if denied a remedy against Payne or Giddens. As a result, the first Eitel factor weighs in favor of the entry of default judgment.

### B. Substantive Merits and Sufficiency of the Claim

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

As stated above, plaintiff asserts three claims against Payne: (1) fraud/misrepresentation, (2) negligence, and (3) constructive trust; and two claims against Giddens: (1) negligence and (2) constructive trust. The Court finds that plaintiff's claims against Payne and Giddens are barred by the applicable statutes of limitations.

In California, "[a]n action for relief on the grounds of fraud or mistake must be commenced within three years." Kline v. Turner, 87 Cal. App. 4th 1369 (2001). The statute of limitations for commencing an action for negligence is two years. Cal. Code Civ. P. § 335.1. Finally, as an equitable remedy, the statute of limitations for constructive trust is the same as plaintiff's other claims. Davies v. Krasna, 14 Cal. 3d 502, 516 (1975) ("[A]n action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right.").

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 920 (Cal. 2005) (quotation marks omitted). But "[a]n important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Id. In this context, "elements" refers not to the specific legal elements of the particular cause of action at bar, but rather to the "'generic' elements of wrongdoing, causation, and harm." Id. (quoting Norgart v. Upjohn Co., 981 P.2d 79, 88 (Cal. 1999)). Therefore, to determine when the statute of limitations period began to run, courts look to "whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." Fox, 110 P.3d at 922. The "discovery rule . . . allows accrual of the cause of action even if the plaintiff does not have reason to suspect the defendant's identity." Id. at 920. "The discovery rule does not delay accrual in that situation because the identity of the defendant is not an element of a cause of action." Id. at 923; see also Norgart, 981 P.2d at 89 ("It follows that failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action, whereas a like failure concerning the cause of action itself does."); Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 932, 873 P.2d 613 (1994) ("[T]he general rule in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

California has been that ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute.").

As described in detail in the Court's September 28, 2015 order on the FDIC's motion for summary judgment, plaintiff was aware of the facts underlying his claims at least as early as May 25, 2008—the date plaintiff filed or prepared his complaints to the California Department of Corporations ("DOC") and the Mississippi Department of Banking and Consumer Finance ("DBCF"). See dkt. 228; see also dkt. 183-2, FDIC's Statement of Undisputed Facts ("SUF") ¶ 12. In these complaints, plaintiff asserted that Gregg, Staggs, and other defendants had misrepresented and concealed material facts regarding the condition, value, and potential return of investment in connection with the sale of multiple properties in Jackson, Mississippi, including the LaSalle and Combs Properties. SUF ¶ 12. The Court has already concluded that plaintiff's claims against defendants accrued by May 25, 2008: "As the complaints to the California DOC and Mississippi DBCF clearly indicate, as of May 25, 2008, Plaintiff suspected, among other things, that defendants had falsely represented the value of his investments and he suspected that either Gregg or Staggs had improperly received 30-50% of the value of his properties." Dkt. 228 at 11.

Plaintiff filed the instant action in Superior Court on February 8, 2012 more than three years after his causes of action for fraud, negligence, and constructive trust accrued against Payne and Giddens. As a result, the Court concludes that plaintiff's claims against Payne and Giddens are time-barred by the applicable statutes of limitations.[2]

---

[2] On December 14, 2015, the Court granted in part plaintiff's motion for reconsideration of the Court's September 28, 2015 order on FDIC's motion for summary judgment. Dkt. 237. In its December 14, 2015 order, the Court determined that plaintiff's claim against Millennium Bank for breach of the implied covenant of good faith and fair dealing was subject to a four-year statute of limitations—rather than a two-year limitations period—because plaintiff was able to show that the underlying contract was written, rather than oral. Id. at 4–6. Because the limitations period for a constructive trust claim is derivative of the underlying claims, the Court also concluded that plaintiff's claim seeking to impose a constructive trust against Millennium should be subject to a four-year limitations period (rather than a two-year period). Id. at 6. However, plaintiff's constructive trust claims against Payne and Giddens are *not* subject to a four-year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

The Court therefore concludes that plaintiff does not state a claim against Payne or Giddens on which he can recover. As a result, the second and third Eitel factors weigh against entry of a default judgment. See Eitel, 782 F.2d at 1472 (concluding that the district court did not abuse its discretion in denying the default judgment in part because the district court "had serious reservations about the merits of Eitel's substantive claim, based upon the pleadings").

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks $1,029,279.66 from Payne and Giddens. See Motions at 12. Given the substantial amount of money at stake in this action, the Court finds this factor weighs against default.

### D. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. As described above, plaintiff has not adequately pleaded his claims. As a result, this factor is either neutral or disfavors default. See Stuckey v. Lucas, No. 3:11-cv-05196-JCS, 2012 WL 5948959, at *4 (N.D. Cal. Sept. 12, 2012) (the "possibility of dispute" factor "does not weigh in either direction as Plaintiff fails to state any viable claim"), report and recommendation adopted, No. 3:11-cv-05196-SI, 2012 WL 5948232 (N.D. Cal. Nov. 27, 2012); Goldberg

---

limitations periods because the underlying claims—negligence and fraud—are subject to two- and three-year limitations periods respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

v. Cent. Credit Mgmt., Inc., No. 2:11-cv-00305-MMD, 2012 WL 6042194, at *5 (D. Nev. Dec. 3, 2012) ("[T]his factor disfavors default on the state law claims as Plaintiff has not adequately pled those causes of action.").

### E. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Payne and Giddens were served on November 21, 2014 and April 24, 2013 respectively. Dkt. 113, Ex. 1; Dkt. 88-1. Since service, neither Payne nor Giddens has responded or attempted to have its default set aside. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### F. Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

### G. Conclusion Regarding the Eitel Factors

The Court concludes that plaintiff has failed to establish the merits of any alleged claim as would be required for entry of default judgment against Payne or Giddens. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Moreover, only two of the seven Eitel factors weigh in favor of entry of default judgment. The Court therefore **DENIES** plaintiff's motions for default judgment against Payne and Giddens.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motions for default judgment against Payne and Giddens. In light of the Court's ruling with regard to the statutes of limitation, the Court **DISMISSES with prejudice** plaintiff's claims against Payne and Giddens, as it appears that plaintiff can allege no facts that would cure the defects identified herein.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |