UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 14-cv-05616-CAS(SSx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Gackle | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andrew Kulick | Not Present |

**Proceedings:** PLAINTIFF FRANK DUFOUR'S MOTION FOR RECONSIDERATION (Dkt. 263, filed December 22, 2016)

## I. INTRODUCTION & BACKGROUND

This lawsuit commenced on February 8, 2012, when plaintiff Frank DuFour filed a complaint in Los Angeles County Superior Court. DuFour filed the operative Fourth Amended Complaint ("FAC") on December 27, 2013, also in Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen, Enlightened Wealth Institute International, L.C., Enlightened Wealth Institute, L.C., Prosper Inc., Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and Giddens & Giddens ("Giddens"), as well as other Doe defendants. Id. ¶¶ 2–26. On February 28, 2014, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of defendant Millennium Bank, N.A., a failed bank.[1] See Dkt. 1. On July 19, 2014, the FDIC removed this action to federal court based on federal question jurisdiction. Id. The case was transferred to the undersigned on July 25, 2014. Dkt. 10. A number of defendants have been dismissed pursuant to prior orders of this Court.

In brief, the FAC alleges that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course offered by Allen and Prosper, and to buy

---

[1] The FAC named "Millennium Home Loans, an unknown business entity," as a defendant, but did not name Millennium Bank. See generally FAC. However, on May 21, 2014, plaintiff filed in the Superior Court an application to amend the FAC based on an "incorrect name." Dkt. 7-3. This application represented that plaintiff had discovered the true name of "Millennium Home Loans" to be "Millennium Home Loans a/k/a Millennium Bank, N.A." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 14-cv-05616-CAS(SSx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

fraudulently marketed properties, from which defendants profited through undisclosed relationships with management and financing companies. Plaintiff asserts three claims against Payne: (1) fraud/misrepresentation, (2) negligence, and (3) constructive trust; and two claims against Giddens: (1) negligence and (2) constructive trust. See generally FAC.

On November 25, 2014, plaintiff filed a request for the Clerk of Court to enter default against Giddens on the FAC. Dkt. 88. The Clerk granted that request on December 3, 2014. Dkt. 95. On December 23, 2014, plaintiff requested that the Clerk enter default against Payne, which the Clerk did on December 29, 2014. Dkts. 113, 117.

On June 22, 2015, the Court denied without prejudice plaintiff's first motions for default judgment against Payne and Giddens because of a risk of inconsistent judgments. Dkt. 182. The Court indicated that plaintiff could renew his motions at the conclusion of the case against the FDIC, acting as receiver for Millennium Bank. Id.

On July 28, 2016, the Court denied without prejudice plaintiff's second motions for default judgment against Payne and Giddens because plaintiff did not address any of the relevant factors that must be considered upon a motion for default judgment. Dkt. 258; see Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (directing courts to consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.).

On November 10, 2016, plaintiff filed his third applications for entry of default judgment against Payne and Giddens. Dkts. 159, 160.

On December 13, 2016, the Court denied plaintiff's applications for default judgment and dismissed plaintiff's claims against Payne and Giddens with prejudice. Dkt. 262 ("Order"). After reviewing the relevant factors that must be considered upon a motion for default judgment, see Eitel, 782 F.2d at 1471–72, the Court concluded that plaintiff failed to establish the merits of his claims against Payne or Giddens because those claims are barred by the applicable statutes of limitations. Order at 8–9. In addition, only two of the seven Eitel factors weighed in favor of entry of default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL         'O'**

| Case No. | 14-cv-05616-CAS(SSx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

judgment.  Therefore, the Court denied plaintiffs motions for default judgment.  In light of the Court's conclusion with regard to the statutes of limitation, the Court dismissed with prejudice plaintiff's claims against Payne and Giddens, because it appeared that plaintiff could not allege any facts that would cure the defects in his claims.  Id. at 11.

On December 22, 2016, plaintiff filed the instant motion for reconsideration of the Court's dismissal with prejudice of plaintiff's claims against Payne and Giddens.  Dkt. 263 ("Motion").

Having carefully considered plaintiff's argument, the Court concludes as follows.

## III.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . [any] reason that justifies relief."  Motions for reconsideration are justified where there is the availability of new evidence or the need to correct a clear error or prevent manifest injustice.  See Page v. Something Weird Video, 960 F. Supp. 1438, 1440 (C.D. Cal. 1996). "Of course, in any 'newly discovered evidence' situation there is the vital discretion element in which the Judge inescapably has to measure the impact of the 'new' against the whole record." Laguna v. Royalty Co. v. Marsh, 350 F.2d 817, 824 n.13 (5th Cir. 1965). Under Central District of California Civil Local Rule 7-18,

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

See L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 14-cv-05616-CAS(SSx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

## IV. DISCUSSION

Plaintiff argues that the Court's dismissal with prejudice was unjust because a statute of limitations defense is an affirmative defense that affects the remedy, but "does not impair the substantive right or obligation." Motion at 4–5. In addition, plaintiff contends that it was manifestly unjust to dismiss his claims with prejudice because plaintiff was not afforded notice and an opportunity to be heard on the issue of the statutes of limitations. Id. at 5–6

Ordinarily, in cases that do *not* involve a defaulting defendant, a "district court may sua sponte dismiss a complaint as untimely so long as the defendant *has not waived* the defense." Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993) (emphasis added); see also Charles A. Wright et al., Federal Practice & Procedure § 1278 (3d ed.) ("Several courts of appeals have held that the district court may dismiss a claim sua sponte based on an affirmative defense, especially a statute of limitations defense, as long as the defendant has not waived the defense." (citations omitted)). Typically, a statute of limitations defense "is an affirmative defense" that is "waived by virtue of [a defendant's] default." In re Estate of Ferdinand E. Marcos Human Rights Litig., 978 F.2d 493, 495 n.2 (9th Cir. 1992); cf. In re Guzman, 27 F. App'x 789, 790 (9th Cir. 2001) ("If the defense is not raised in the answer or responsive pleading, it generally is waived. Although Guzman never affirmatively exercised or waived the defense, she failed to file an answer or responsive pleading at all and thereby waived the timeliness defense.").

Notwithstanding the fact that a defendant has necessarily waived a statute of limitations defense after the Clerk's entry of default, the Ninth Circuit has held that district courts do "not err by addressing the statute of limitations issue sua sponte in ruling on [a] plaintiff['s] motion for default judgment." Taiwan Civil Rights Litig. Org. v. Kuomintang Bus. Mgmt. Comm., 486 F. App'x 671, 671–72 (9th Cir. 2012; see also Donell v. Keppers, 835 F. Supp. 2d 871, 877 (S.D. Cal. 2011) ("*Although the statute of limitations is ordinarily* an affirmative defense that the defendant must raise at the pleadings stage and that is *subject to rules of forfeiture and waiver*, district courts may dismiss an action sua sponte on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (emphases added) (quoting Walters v. Indus. & Commer. Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011))); Joe Hand Promotions, Inc. v. Tu Minh Nguyen, No. 10-cv-3504-LHK, 2011 WL 1642306, at *2 (N.D. Cal. May 2, 2011) ("A court may deny a motion for entry of default judgment where a statute of limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 14-cv-05616-CAS(SSx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

defense is apparent on the face of the complaint."); Sheikh v. Republic of Sudan, 172 F. Supp. 3d 124, 133 (D.D.C. 2016) ("[A] number of courts have approved the sua sponte consideration of timeliness in the context of motions for default judgment, especially when the untimeliness of the claims is readily apparent."). The Ninth Circuit's conclusion in Taiwan Civil Rights is consistent with the principle that "in default judgment cases, courts are required to approximate the adversarial model by independently evaluating whether the Complaint establishes liability as a matter of law. Due to the unique circumstances that they present, default judgments overcome the presumption that the parties [are] responsible for raising their own defenses." De Santis v. City of N.Y., No. 1:10-cv-508-JPO, 2014 WL 228659, at *5 (S.D.N.Y. Jan. 22, 2014) (citations and quotation marks omitted) (dismissing sua sponte claims against a defendant who had defaulted because the claims were time-barred). Taiwan Civil Rights is also consistent with Eitel, which directs district courts to consider "the merits of plaintiff's substantive claim" and "the sufficiency of the complaint." Eitel, 782 F.2d at 1471. In addition, a district court may sua sponte "note the inadequacy of a complaint and dismiss it for failure to state a claim," and need not give the plaintiff an opportunity to respond if the plaintiff "cannot possibly win relief." Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988).

      In the present case, the Court concluded that plaintiff was aware of the facts underlying his claims at least as early as May 25, 2008, because the complaints that plaintiff signed and submitted to the California Department of Corporations ("DOC") and the Mississippi Department of Banking and Consumer Finance ("DBCF") are dated May 25, 2008.[2] See dkts. 184-12, 184-13, RJN Ex. L.[3] Plaintiff filed the instant action in

---

[2] At oral argument, counsel for plaintiff argued that plaintiff never actually filed his complaint with the Mississippi DBCF. However, as the Court stated in its September 28, 2015 order, "[p]laintiff's argument misses the mark. The relevance of these documents does not depend on whether plaintiff filed them with the relevant state agency. Rather, the FDIC submits these complaints as evidence that plaintiff was aware of the facts underlying his claims[.]" Dkt. 228 at 5 n.4. Plaintiff's counsel also argued that his California DOC complaint did not expressly refer to Payne or Giddens. However, the DOC complaint alleges similar facts as the FAC—including faulty appraisals and the failure of his attorneys to supply plaintiff with the material he needed to make an informed decision about acquiring the properties—thereby demonstrating that plaintiff was aware of the underlying claims at the time he executed the DOC complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| | | | |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | January 23, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Superior Court on February 8, 2012 – more than three years after his causes of action for fraud, negligence, and constructive trust accrued against Payne and Giddens. As a result, the Court concluded—on the face of plaintiff's complaint and judicially noticeable material—that plaintiff's claims against Payne and Giddens were time-barred by the applicable two- and three-year statutes of limitations. Order at 8. In his motion for reconsideration, plaintiff has not alleged any facts suggesting that his claims against Payne and Giddens are not time-barred. The Court therefore concludes that its dismissal of plaintiff's claims with prejudice is not manifestly unjust. See Donell, 835 F. Supp. 2d at 875 (on a motion for default judgment, concluding that "all of Plaintiff's claims are barred by the relevant statute of limitations and should be dismissed with prejudice"); Hrothgar Investments, Ltd. v. Houser, No. 3:15-cv-01116-JCS, 2015 WL 5853634, at *8 (N.D. Cal. Aug. 18, 2015) (on a motion for default judgment, dismissing with prejudice plaintiff's claim for money had and received upon finding that the claim was time-barred) report and recommendation adopted, No. 3:15-cv-01116-JD, 2015 WL 5747932 (N.D. Cal. Sept. 30, 2015). Moreover, plaintiff has not argued that any of the three bases for reconsideration set forth by Local Rule 7-18 are present in this case. Accordingly, the Court **DENIES** plaintiff's motion for reconsideration of the Court's judgment dismissing with prejudice plaintiff's claims against Payne and Giddens.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for reconsideration.

IT IS SO ORDERED.

| | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] The FDIC requested that the Court judicially notice these documents on July 29, 2015. Dkt. 184. In its September 28, 2015 order, the Court noted that plaintiff does not contest the authenticity of these complaints and concedes that he prepared them. Dkt. 228 at 5, fn. 4; see dkt. 202-4, Plaintiff's Statement of Disputed Issues ¶ 12. The Court concluded that plaintiff's administrative complaints are relevant to show plaintiff's "knowledge of the facts contained in the documents" and overruled plaintiff's objection to the FDIC's request for judicial notice. Dkt. 228 at 5, fn. 4. The Court therefore takes judicial notice of plaintiff's administrative complaints.