UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT FREEDOM MORTGAGE'S MOTION FOR ATTORNEYS' FEES (Dkt. 272, filed March 8, 2017)

DEFENDANTS ROBERT ALLEN, D.A.H.A.R., PROSPER, INC., PROSPER HOLDINGS INCORPORATED, AND R.A.H.A.D.'S MOTION FOR ATTORNEYS' FEES (Dkt. 274, filed March 8, 2017)

## I. INTRODUCTION & BACKGROUND

This lawsuit commenced on February 8, 2012, when plaintiff Frank DuFour filed a complaint in Los Angeles County Superior Court. Plaintiff filed the operative Fourth Amended Complaint ("FAC") on December 27, 2013, also in Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen, Enlightened Wealth Institute International, L.C., Enlightened Wealth Institute, L.C., Prosper, Inc., Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and Giddens & Giddens, as well as other Doe defendants. Id. ¶¶ 2–26. On February 28, 2014, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of defendant Millennium Bank, N.A., a failed bank.[1] See Dkt. 1. On July 19, 2014, the FDIC

---

[1] The FAC named "Millennium Home Loans, an unknown business entity," as a defendant, but did not name Millennium Bank. See generally FAC. However, on May 21, 2014, plaintiff filed in the Superior Court an application to amend the FAC based on an "incorrect name." Dkt. 7-3. This application represented that plaintiff had discovered the true name of "Millennium Home Loans" to be "Millennium Home Loans a/k/a Millennium Bank, N.A." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

removed this action to federal court because, where the FDIC is a party, a case is deemed to arise under the laws of the United States. Id. The case was transferred to the undersigned on July 25, 2014. Dkt. 10. A number of defendants have been dismissed pursuant to prior orders of this Court.

In brief, plaintiff alleges in the FAC that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course offered by Allen and Prosper to buy fraudulently marketed properties, from which defendants profited through undisclosed relationships with management and financing companies. Plaintiff alleges that Allen is the co-founder of entities which offer real estate investment instruction. Plaintiff contends that Allen, through multiple incarnations of the same business model, deceptively promoted risky and illegal investment techniques, and fraudulently induced him to pay thousands of dollars to enroll in a real estate investment course. According to plaintiff, Prosper is a corporation affiliated with Allen and other defendants, and after plaintiff was referred to Prosper by Allen, Prosper employees provided plaintiff with training materials and coaching and eventually connected plaintiff with other players in the alleged scheme. Plaintiff asserts that Freedom employees fraudulently induced plaintiff to make a series of real estate investments in Mississippi. Plaintiff also alleges that Allen and other defendants breached an implied contractual duty of good faith and fair dealing by failing to disclose that Freedom and other defendants "were all doing business together" with Prosper, which was "associated with, affiliated and involved in a joint venture business arrangement with . . . Allen."[2]

On December 23, 2013, just prior to the filing of the FAC, Prosper filed a cross-complaint for breach of contract against plaintiff. Dkt. No. 153 Ex. 1 ("Cross-Complaint"). Prosper alleged in this cross-complaint that plaintiff breached an Enrollment Agreement he purportedly entered into with Prosper by failing to fulfill his obligations as an enrollee in the course and refusing to mediate or arbitrate this dispute. Id. ¶ 10. Plaintiff filed a demurrer to the Cross-Complaint in the Superior Court, which was overruled. Plaintiff subsequently filed a so-called "Cross-Cross-Complaint," ("CCC") which this Court dismissed on September 15, 2014, on the ground that it impermissibly duplicated claims already raised in the FAC. Dkt. 46. Plaintiff appealed the order dismissing the CCC to the Court of Appeals for the Ninth Circuit. On March

---

[2] These facts are drawn from the Court's prior orders dated September 15, 2014, dkt. 46, November 10, 2014, dkt. 75, and March 19, 2015, dkt. 160.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

19, 2015, the Court granted Prosper's motion for voluntary dismissal without prejudice of its Cross-Complaint. Dkt. 160.

In May 2014, before this case was removed to federal court, the Superior Court granted summary judgment in favor of defendants Freedom Home Mortgage Corporation ("Freedom"), as well as defendants Allen, Prosper, Inc., Prosper Holdings, Inc., Education Success, Inc., R.A.H.A.D., Inc., and D.A.H.A.R., Inc. (collectively the "Prosper Defendants"). On November 21, 2014, this Court entered judgment in favor of Freedom and the Prosper Defendants. Dkt. 90. On December 19, 2014, plaintiff appealed to the Court of Appeals for the Ninth Circuit the entry of judgment in favor of Freedom and the Prosper Defendants. Dkt. 110.

On December 10, 2014, Freedom and the Prosper Defendants filed motions for attorneys' fees. Dkts. 100, 101. On January 26, 2015, the Court denied without prejudice Freedom and the Prosper Defendants' motions for attorneys' fees. Dkt. 140. The Court concluded that the best course of action was to defer ruling until the resolution of plaintiff's appeal. Id. at 4. On February 22, 2017, the Ninth Circuit affirmed this Court's (1) grant of summary judgment in favor of Freedom and the Prosper Defendants and (2) dismissal of plaintiff's cross-cross-claim. Dkt. 271.

Accordingly, on March 8, 2017, Freedom and the Prosper Defendants filed renewed motions for attorneys' fees, along with requests for judicial notice. Dkts. 272 ("Freedom Motion"), 274 ("Prosper Motion"). On March 20, 2017, plaintiff filed oppositions to both motions, dkts. 275 (Opp'n to Freedom), 277 ("Opp'n to Prosper"), along with related evidentiary objections and a request for judicial notice, dkts. 276, 278, 279.[3] The Freedom and Prosper Defendants filed their replies on March 27, 2017. Dkts. 281 ("Freedom Reply"), 282 ("Prosper Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276,

---

[3] The Court does not rely on the evidence to which plaintiff objects and therefore need not resolve the evidentiary objections he raises.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." Id. at 1281 (quoting Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such award." Abrams, 50 F.3d at 1224.

When a district court "exercis[es] its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, 197 F.3d at 1281 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n.31 (1975)). California has codified the American Rule in Code of Civil Procedure Section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021; see Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143–44 (1998) (explaining that Section 1021 codifies the rule that "each party to a lawsuit must ordinarily pay his or her own attorney's fees"). The freedom to contract out of the American Rule is limited by Code of Civil Procedure Section 1717, which provides in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Proc. Code § 1717(a). "[S]ection 1717 was originally enacted to limit the ability of a dominant contracting party to provide for a right to attorney's fees on only one side of an agreement." Sears, 60 Cal. App. 4th at 1144. Accordingly, "[i]f the contract provides for fees at all, then the prevailing party may recover them, even if the contract purports to specify only one of the parties as eligible." 7 Witkin, California Procedure, Judgment § 165 (5th ed. 2008). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Parties may also contractually agree to award attorneys' fees for tort actions, along with claims arising under contract. "There is nothing in [Section 1021] that limits its application to contract actions alone. It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1341 (1992). Whether an attorneys' fee provision applies to tort actions, in addition to contract claims, depends on the breadth of the attorneys' fees provision. See Johnson v. Siegel, 84 Cal. App. 4th 1087, 1101 (2000); Lerner v. Ward, 13 Cal. App. 4th 155, 160 (1993) ("[T]he clause in the contract concerning attorney fees was . . . not limited merely to an action on the contract, but to any action or proceeding arising out of the agreement. This included any action for fraud arising out of that agreement.").

## III. DISCUSSION

### A. Freedom's Motion for Attorneys' Fees

#### 1. Judicial Estoppel

Plaintiff argues that Freedom is judicially estopped from seeking attorneys' fees for two reasons: (1) Freedom now takes a position that is inconsistent with Freedom's prior motion to strike *plaintiff's* request for attorneys' fees from the second amended complaint ("SAC"); and (2) Freedom previously argued there was no written contract upon which to sue—resulting in the application of a three-year statute of limitations, as opposed to a four-year limitations period—and Freedom therefore lacks any basis for claiming contractual attorneys' fees. Opp'n to Freedom at 8–9.

Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quotation marks omitted). The Supreme Court has directed courts to consider (1) whether the party's "later position [is] 'clearly inconsistent' with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 750–51 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

> In Freedom's motion to strike, Freedom argued:
>
> Plaintiff makes no allegation that any contract exists which specifically provides that attorneys fees are recoverable, nor does Plaintiff sue to enforce a contractual obligation that might give rise to attorneys fees under such a contractual provision for fees. Indeed, Plaintiff's sole contract-related cause of action (the Third Cause of Action for Breach of Contract/Implied Covenant of Good Faith and Fair Dealing) seeks relief relating to pre-contractual obligations, and is entirely unrelated to any alleged contract pled in the SAC.

Dkt. No. 120-3 (DuFour's Request for Judicial Notice ("DRJN")) Ex. 1 at 4. The Superior Court accepted this argument, reasoning that plaintiff had alleged no contractual authority for attorneys' fees and granting the motion to strike with leave to amend. DRJN Ex. 2 at 18. Plaintiff did not include a request for attorneys' fees in his third and fourth amended complaints. Plaintiff portrays the motion to strike as a successful contention by Freedom that plaintiff was not party to any contract with Freedom providing for attorneys' fees. Opp'n to Freedom at 9. This argument is unpersuasive. Freedom argued in the context of a motion to strike allegations that plaintiff had not adequately *alleged* any contract-based entitlement to attorneys' fees, not that no contract existed that could entitle either party to attorneys' fees. Such an argument is not "clearly inconsistent" with a later attempt to seek attorneys' fees.

Plaintiff also contends that the Superior Court, this Court, and the Ninth Circuit concluded that a three-year statute of limitations for fraud applied to plaintiff's claims because there was no applicable written contract upon which to sue. Opp'n to Freedom at 9. That is simply not the case. The Superior Court concluded that plaintiff's claims against Freedom were time barred, regardless of whether three- or four-year statute of limitations applied. Dkt. 273, Freedom's Request for Judicial Notice ("FRJN"), Ex. 11 at 11 ("Therefore, even if the longer four-year SOL applies for the breach of implied covenant claim as to Freedom, Plaintiffs' claims against Freedom were time-barred by February 13, 2013."). That is the basis on which this Court entered judgment in favor of Freedom, dkt. 90, which the Ninth Circuit subsequently affirmed, dkt. 271. Furthermore, plaintiff brought a claim against Freedom for breach of the covenant of good faith and fair dealing on the basis of the Deeds of Trust. FAC ¶¶ 109–20. Accordingly, plaintiff may not now claim that the Deeds of Trust did not exist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'

| | | | |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Freedom is therefore not estopped from seeking attorneys' fees.

### 2.  Choice of Law

For the first time in over five years of litigation, plaintiff argues that Mississippi law should govern the interpretation of the Deeds of Trust. Opp'n at 10–11. The Deeds of Trust provide that they "shall be governed by federal law and the law of the jurisdiction in which the Property is located." FRJN Ex. 1 ¶ 16, Ex 2. ¶ 16; Ex. 3 ¶ 16. The properties are alleged to be located at (1) 3829 Northview Drive, Jackson, Mississippi 39206; (2) 6716 George Washington Drive, Jackson, Mississippi, 39213; and (3) 188 Texas Avenue, Jackson, Mississippi, 39206. FAC ¶ 116(a)–(c).

Freedom argues that plaintiff has waived the choice of law provision in the Deeds of Trust by seeking remedies under California law in a California court. Freedom Reply at 12. The Court agrees. See Ellison Framing, Inc. v. Zurich Am. Ins. Co., 805 F. Supp. 2d 1006, 1011 n.1 (E.D. Cal. 2011) ("Although a choice of law provision in the agreement appears to provide that disputes are governed by New York law, both parties have cited California law in their papers. It appears to this court that the parties have by their conduct waived the New York law provision." (citations omitted)); Panno v. Russo, 186 P.2d 452, 454 (Cal. Ct. App. 1947) ("[A] party to a contract may by conduct or representations waive the performance of a condition thereof or be held estopped by such conduct or representations to deny that he has waived such performance."); Air Liquide Am. Corp. v. Cont'l Cas. Co., 217 F.3d 1272, 1275 n.2 (10th Cir. 2000) (finding the choice of law issue had been waived where "throughout the proceedings below, both the parties and the district court have argued and applied Oklahoma law in interpreting these insurance contracts"). Accordingly, the Court applies California law in interpreting the Deeds of Trust.

### 3.  The Attorneys' Fees Provision

Freedom argues that it is entitled to an unapportioned award of attorneys' fees in defense of plaintiff's tort- and contract-based claims because plaintiff's claims arise from his purchase of properties that were financed through three Deeds of Trust, and each Deed of Trust authorizes an award of attorneys' fees. See Freedom Motion 3–13. According to Freedom, plaintiff's action falls within the scope of the attorneys' fee provision articulated in Section 9 of the Deeds of Trust because plaintiff sought to rescind the Deeds of Trust and/or impose a constructive trust over the payments plaintiff made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

under the Deeds of Trust, thereby implicating Freedom's rights in the property and its security interest in the Deeds of Trust. Freedom Motion at 8. Plaintiff, in turn, argues that Section 9 does not entitle Freedom to attorneys' fees under Rule 54(d)(2) because Section 9 does not permit an award of fees in litigation, but only permits an addition to the secured debt. Opp'n to Freedom at 7.

Section 9 of each Deed of Trust provides:

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

FRJN Exs. 1, 2, 3.

On its plain terms, Section 9 of the Deeds of Trust does not entitle Freedom to obtain attorneys' fees through a Rule 54(d)(2) motion. Other courts that have considered the same language and squarely addressed this question have reached the same conclusion. For example, a Hawaii district court, addressing a mortgage that contains nearly identical language, concluded:

> [T]he mortgage states that any amounts disbursed in protecting the Bank Defendants' rights under the mortgage, including for attorneys' fees, "shall become additional debt of Borrower secured by this Security Instrument . . . and shall be payable, with such interest, upon notice from Lender or Borrower requesting payment." As such, the mortgage does not entitle the Bank Defendants to recover attorneys' fees as an award pursuant to the instant litigation. Rather, as provided in the mortgage, the Bank Defendants may convert the amounts spent on attorneys' fees into additional debt secured by the mortgage.
>
> As such, the Court finds that the attorneys' fee provision in the mortgage does not provide an independent basis for an award of attorneys' fees in the instant litigation.

Valencia v. Carrington Mortg. Servs., LLC, No. 10-cv-00558-LEK, 2013 WL 3223628, at *10 (D. Haw. June 25, 2013) (citations omitted).

Similarly, the deed of trust at issue in Tyler v. Wells Fargo Bank, N.A., No. E063985, 2016 WL 3752394 (Cal. Ct. App. July 8, 2016) included language identical to Section 9. Id. at *4. Recognizing that Valencia was not binding precedent, the California Court of Appeal nevertheless found Valencia persuasive and "conclude[d], as in Valencia, that the [deed of trust] attorney fee provision does not provide an independent basis for awarding attorney fees." Id. at *8. In both Valencia and Tyler, the courts denied the lenders' motions for attorneys' fees. Id.; Valencia, 2013 WL 3223628, at *10.

To rebut this argument, Freedom cites several cases in which "courts have held nearly identical (or verbatim identical attorneys' fees clauses authorize an award of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

attorneys' fees in litigation." Freedom Reply at 4. However, the attorneys' fees provisions in most of the cases that Freedom cites are neither "nearly identical" nor "verbatim identical." For example, Freedom argues that Evergreen Community Development Association v. Columbia Associates, 996 F.2d 1224, 1993 WL 212643 (9th Cir. 1993) affirmed an award of attorneys' fees under a similar clause in a case where the borrower claimed that the lender misrepresented a prepayment clause and penalty terms. See Freedom Reply at 4. However, the Ninth Circuit does not recite the language of the relevant deed of trust in its decision, nor is there any indication that there was similar disbursement language in deed of trust at issue in Evergreen. See Evergreen, 1993 WL 212643, at *3 ("The provision states that after the grantor (Columbia) fails to make a payment on the loan instrument, the beneficiary (U.S. Bank) may participate in any action affecting the security or 'the rights or powers of Beneficiary' and that Columbia will pay costs including attorney's fees."). Freedom also cites Coppes v. Wachovia Mortgage Corporation, No. 2:10-cv-01689-GEB, 2011 WL 4852259 (E.D. Cal. Oct. 12, 2011). See Freedom Reply at 4. However, the deed of trust in Coppes included the following language:

> If . . . someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property, (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees[.]

2011 WL 4852259, at *2. The deed of trust further provided:

> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7 This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Coppes, No. 2:10-cv-01689-GEB, dkt. 35, Wachovia Request for Judicial Notice, Ex D ¶ 7. Therefore, the deed of trust in Coppes did *not* require that amounts disbursed by the lender be treated as additional debt of the borrower. Freedom also cites Gilbert v. World Savings Bank, FSB, No. 10-cv-05162 WHA, 2011 WL 995966 (N.D. Cal. Mar. 21, 2011). See Freedom Reply at 4. The mortgage in Gilbert contained the following provision:

> Payment of Lender's Costs and Expenses. The Lender will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

Gilbert, 2011 WL 995966, at * 2. The deed of trust in Gilbert further provided:

> [If] someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property . . . then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court [and] paying reasonable attorneys' fees . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes.

Id. Again, the mortgage and the deed of trust in Gilbert did *not* require that the attorneys' fees expended by the lender be treated as additional debt of the borrower. See also Krug v. Wells Fargo Bank, N.A., No. 4:11-cv-519-YGR, 2012 WL 3257814, at *1 (N.D. Cal. Aug. 8, 2012) ("The Deed of Trust provides that if someone, including the borrower, initiates legal proceedings that could affect the lender's rights in the property, then the lender may take whatever action it deems necessary, including incurring attorneys' fees, which the borrower must repay."); Krug, 4:11-cv-519-YGR, dkt. 1-3, Ex. A (deed of trust used the same language as the Coppes deed of trust); Passanisi v. Merit-Mcbride Realtors, Inc., 190 Cal. App. 3d 1496, 1504 (1987) (no recitation of the language of the attorneys' fees provision). In contrast to Section 9, the provisions cited in these cases expressly provide for the payment of attorneys' fees, *not* for an increase in the debtor's principal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Freedom cites three cases in which the attorneys' fees provisions were, in fact, identical in all relevant respects to Section 9. However, none of those cases squarely addressed whether the language constituted an attorneys' fees provision sufficient to support a Rule 54(d)(2) motion. See Whittle v. Wells Fargo Bank, N.A., No. 10-cv-0229-LJO-SMS, 2010 WL 1444675, at *2 (E.D. Cal. Apr. 12, 2010) (awarding attorneys' fees on the basis of the same language as the Deeds of Trust in this case, but not addressing whether that language constitutes an applicable attorneys' fees provision); In re Velazquez, 660 F.3d 893, 899 (5th Cir. 2011) (same); Richardson v. Wells Fargo Bank, N.A., 740 F.3d 1035, 1040 (5th Cir. 2014) (where a deed of trust included an attorneys' fees provision identical to the one presented here, the court concluded that motions for attorneys' fees provided by contract were permissible under Rule 54(d)(2), but remanded the case for resolution on its merits). Moreover, state law governs the interpretation and application of contractual attorneys' fees provisions. See Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 800 (9th Cir. 1993); Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002). Thus, Tyler, which was decided by the California Court of Appeals in 2016, is the most persuasive authority on how this Court should interpret Section 9. Consistent with Tyler, the Court finds that the Deeds of Trust do not entitle Freedom to recover attorneys' fees pursuant to the instant litigation.

At oral argument on April 10, 2017, Freedom's counsel referred to Wilson v. Nationstar Mortgage LLC, D070965 (Cal. Ct. App. Jan. 20, 2017), in which the California Court of Appeals purportedly affirmed an attorneys' fee award on the basis of a deed of trust that included the same language as Section 9. Pursuant to the Court's request, Freedom's counsel submitted the decision in Wilson to the Court. Having reviewed the Wilson decision, the Court finds that Wilson too fails to consider expressly whether the relevant language in Section 9 constituted an attorneys' fees provision sufficient to support a Rule 54(d)(2) motion. Freedom's counsel also submitted cases that the Court did not request. Nonetheless, these decisions present the same problem – none squarely addresses whether a contract permitting attorneys' fees to be added to a debtor's principal supports a Rule 54(d)(2) motion.

Finally, on April 18, 2017, the Ninth Circuit denied Freedom's application for attorneys' fees. Dufour v. Allen, 14-57009, dkt. 74 (9th Cir. Apr. 18, 2017). In its denial, the Ninth Circuit wrote only: "Freedom Home Mortgage Corporation's application for attorney's fees is denied." Id. Notably, however, Freedom argued before the Ninth Circuit that it was entitled to attorneys' fees because it was the prevailing party and the Deeds of Trust authorized an award of attorneys' fees – precisely the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

argument that Freedom advances here.  See id. dkt. 72.  The Ninth Circuit's denial of Freedom's application for attorneys' fees is persuasive, if not binding, authority on this Court.

The Court therefore **DENIES** Freedom's motion for attorneys' fees on plaintiff's contract and tort claims.

### B.     The Prosper Defendants' Motion for Attorneys' Fees

The Prosper Defendants' argue that they are entitled to attorneys' fees pursuant to an indemnity provision contained in an Enrollment Agreement entered into by plaintiff when he enrolled in the Prosper investment course.  Prosper Motion at 6.  According to the Prosper Defendants, plaintiff agreed to indemnify them for actions that fall within the scope of the Enrollment Agreement, including payment of attorneys' fees for actions related to the parties' relationship.  Id.  The indemnity provision provides:

> You understand and agree to defend, indemnify and hold Prosper, Inc., and its officers, directors, employees, independent contractors, instructors, coaches, and their related companies harmless from an against all damages, liabilities, costs, losses, expenses, claims, and/or judgments, *including legal costs and reasonable attorney's fees* and disbursements which any of them may occur or become obligated to pay arising out of or resulting from (I) the activities pursuant to this agreement (with the exception of willful misconduct on the part of Proper, Inc.) and (II) the breach of the User of any of its representation, warranties, covenants, obligations, agreements (with the exception of the breach of/or a default under any other agreement, instrument, order, law or regulation applicable to us or by which it may be bound) and claims of injury or otherwise arising from the sales of any products or services pursuant to this enrollment agreement

274-4, Ex. A at 3 ("Enrollment Agreement") (emphasis added).  The Enrollment Agreement states that it is "governed by the laws of the State of Utah."  Id.  The Prosper Defendants assert that the agreement is governed by Utah law, Prosper Motion at 11, but they go on to apply California law in advancing an interpretation of the indemnity provision, see id. at 14–22.  Plaintiff appears to contest the applicability of Utah law.  Opp'n to Prosper at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

"The first step in interpreting the [choice-of-law] clause is to apply the correct choice-of-law rules. In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state—in this case, California." Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir. 1996). By contrast, where a court has *exclusive* jurisdiction over a federal question case, as in a bankruptcy case, the court should apply federal choice-of-law rules rather than the choice-of-law principles of the forum state. See In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1069 (9th Cir. 2002); In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995).

The Court has jurisdiction over this case pursuant to 12 U.S.C. § 1819(b)(2)(A) because the FDIC was a party. Bullion Servs., Inc. v. Valley State Bank, 50 F.3d 705, 707 (9th Cir. 1995) ("[A]ny case in which the FDIC is a party is 'deemed to arise under the laws of the United States.'" (quoting 12 U.S.C. § 1819(b)(2)(A))); see also FDIC v. Griffin, 935 F.2d 691, 696 (5th Cir. 1991) (allowing federal jurisdiction even when the FDIC has been voluntarily dismissed as a party). Where the FDIC is a defendant or is substituted as a party to a case, Section 1819 permits the FDIC to remove the case to federal district court. 12 U.S.C. § 1819(b)(2)(B). Removal, however, is not *required*. Id. ("[T]he Corporation *may*, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." (emphasis added)). Accordingly, federal courts do not have *exclusive* jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A). The Court thus applies the choice-of-law rules of the forum state, California.

Under California law, in deciding whether or not to apply a choice-of-law provision in a contract, the Court must determine either "(1) whether the chosen state has a substantial relationship to the parties or their transaction or (2) whether there is some other reasonable basis for the parties' choice of law." Nedlloyd Lines B.V. v. Superior Court, 834 P.2d 1148, 1152 (Cal. 1992). "If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law." Id. This action was brought in California and has been litigated in California for more than five years; plaintiff is a resident of California; and the real estate course offered by Allen and Prosper was conducted in California; the properties that plaintiff purchased are in Mississippi. The only relationship to Utah appears to be that Prosper is a Utah corporation. However, the Prosper Defendants acknowledge that the parties have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

"effectively stipulated to the application of California law throughout the duration of this case (given its similarity to Utah law)." See Prosper Reply at 5. The Prosper Defendants appear to have no objection to the Court's applying California law in interpreting the Enrollment Agreement. Moreover, no party argues that there is a material difference between California and Utah law on this issue. The Court therefore finds that Utah lacks a substantial relationship to this case and there is no other reasonable basis for the application of Utah law. Accordingly, the Court applies California law in interpreting the Enrollment Agreement.

The Prosper Defendants assert that the Enrollment Agreement and its indemnity provision are enforceable because plaintiff asserted claims seeking affirmative relief under the Enrollment Agreement in his CCC. Prosper Motion at 14. In the CCC, plaintiff alleged that: (1) he "substantially and timely performed his duties and obligations alleged entered into under the Enrollment Agreement"; (2) the Prosper Defendants accepted plaintiff's "payments and benefits derived from this Enrollment Agreement alleged entered into by [plaintiff], including the illegal benefits heretofore alleged"; (3) the Prosper Defendants "failed to comply with its duties and obligations pursuant to the alleged Enrollment Agreement entered into by cross-cross-complainant by instituting and maintaining a lawsuit" rather than submitting to mediation "as required by the alleged Enrollment Agreement"; and (4) the Prosper Defendants "breached the contract and will be unjustly enriched by failing to comply terms and conditions of the purported Enrollment Agreement[.]" CCC ¶¶ 90, 92, 95. Accordingly, the Prosper Defendants argue that plaintiff is estopped from denying the enforceability of the Enrollment Agreement. Id. The Court agrees. It would be inequitable to allow plaintiff to repudiate the existence of a contract under which he has attempted to enforce his rights. Cf. Avina v. Cigna Healthplans of California, 211 Cal. App. 3d 1, 3 (1989) ("To allow respondent to assert rights and benefits under the contract and then later repudiate it merely to avoid arbitration would be entirely inequitable."); Cal. Civ. Code § 1589 ("A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."); Cal. Civ. Code § 3521 ("He who takes the benefit must bear the burden.").

The Court therefore considers whether the Prosper Defendants are entitled to attorneys' fees under the indemnity provision of the Enrollment Agreement. The Prosper Defendants argue that they are entitled to attorneys' fees pursuant to California Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Code § 2778, or alternatively under California Civil Code § 1717. See Prosper Motion at 15, 20.

"Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person." Cal. Civ. Code § 2772. When interpreting a contract of indemnity, California Civil Code § 2778(3) provides: "[a]n indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the *costs of defense against such claims*, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion[.]" Cal. Civ. Code § 2778 (3) (emphasis added). "An indemnity provision of a contract is to be construed under the same rules governing other contracts with a view of determining the actual intent of the parties." Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A., 476 P.2d 406, 410 (Cal. 1970) (quotation marks omitted). "Although indemnity generally relates to third party claims, this general rule does not apply if the parties to a contract use the term 'indemnity' to include direct liability as well as third party liability." Zalkind v. Ceradyne, Inc., 194 Cal. App. 4th 1010, 1024 (2011); see also Atari Corp. v. Ernst & Whinney, 981 F.2d 1025, 1032 (9th Cir. 1992) ("The plain, unambiguous meaning of 'indemnify' is not 'to compensate for losses caused by third parties,' but merely 'to compensate.' Atari could have limited its obligation to compensate Federated officers to actions brought by third parties, but it did not.").

The Prosper Defendants argue that the indemnity provision in the Enrollment Agreement authorizes them to recover attorneys' fees because plaintiff agreed to "defend, indemnify and hold Prosper harmless from and against all damages . . . [and] claims, including legal costs and reasonable attorney's fees." Prosper Motion at 16 (quoting Enrollment Agreement at 3). The Prosper Defendants further contend that the indemnity provision applies to direct claims because the provision is broadly worded and not limited to third party claims. Prosper Motion at 17; see Atari, 981 F.2d at 1032; Zalkind v. Ceradyne, Inc., 194 Cal. App. 4th 1010, 1027 (2011). Finally, the Prosper Defendants argue that the indemnity provision extends to plaintiff's tort *and* contract claims because the indemnity provision: (1) states that plaintiff will indemnify Prosper against "*all* damages, liabilities, costs, losses, expenses, claims, and/or judgments"; and (2) separately addresses indemnity related to breach of contract and other non-contractual injury claims. See Prosper Motion at 18–19 (citing Enrollment Agreement at 3–4 (emphasis added)). Plaintiff does not dispute any of these arguments. Rather, he contends that the indemnity provision does not apply if Prosper engages in "willful misconduct" and the Prosper Defendants have "never disproved the merits" of plaintiff's allegations of fraud. Opp'n

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 14-cv-05616-CAS(SSx) | Date | April 20, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

to Prosper at 9 (quoting Enrollment Agreement at 3–4). Yet plaintiff has never proved such misconduct. Plaintiff also contends that the Prosper Defendants have failed to meet their burden of justifying their entitlement to a particular amount of attorneys' fees, thereby denying plaintiff an opportunity to contest the reasonableness of the fees. Opp'n to Prosper at 5. However, the Prosper Defendants assert that they intend to submit an affidavit regarding the amount of fees sought "after a determination by this Court on whether a fee award is proper." Prosper Motion at 25. After the submission of such an affidavit, plaintiff will have an opportunity to challenge the reasonableness of the fees sought. Accordingly, the Court concludes that the Prosper Defendants are entitled to recover reasonable costs and attorneys' fees that they incurred in defending against plaintiff's claims, pursuant to the indemnity provision of the Enrollment Agreement.[4]

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Freedom's motion for attorneys' fees and **GRANTS** the Prosper Defendants' motion for attorneys' fees. The Prosper Defendants shall submit a supplemental request for attorneys' fees on or before April 24, 2017, specifying the amount of costs and fees they seek to recover, documenting the hours expended and the hourly rates of their counsel, and demonstrating that those rates are consistent with those prevailing in the community given the skill, experience, and reputation of the Prosper Defendants' counsel. Plaintiff shall file an opposition to this request on or before May 8, 2017. Thereafter the matter will be taken under submission unless the Court believes a hearing is necessary.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[4] Accordingly, the Court need not address whether the Prosper Defendants are entitled to such fees pursuant to California Civil Code § 1717, based on the Enrollment Agreement or the Deeds of Trust. See Prosper Motion at 20–25.