UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS ROBERT ALLEN, D.A.H.A.R., PROSPER, INC., PROSPER HOLDINGS INCORPORATED, AND R.A.H.A.D.'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES (Dkt. 289, filed April 24, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of June 5, 2017 is vacated, and the matter is hereby taken under submission.[1]

## I.     INTRODUCTION & BACKGROUND

This lawsuit commenced on February 8, 2012, when plaintiff Frank DuFour filed a complaint in Los Angeles County Superior Court. Plaintiff filed the operative Fourth Amended Complaint ("FAC") on December 27, 2013, also in Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen, Enlightened Wealth Institute International, L.C., Enlightened Wealth Institute, L.C., Prosper, Inc., Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and Giddens & Giddens, as well as other Doe defendants. Id. ¶¶ 2–26. On February 28, 2014, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of defendant

---

[1] Furthermore, when the Court directed the Prosper Defendants to file a supplemental motion for attorneys' fees, the Court indicated that the matter would be taken under submission unless the Court believed a hearing was necessary. Dkt. 288 at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Millennium Bank, N.A., a failed bank.² See Dkt. 1. On July 19, 2014, the FDIC removed this action to federal court because, where the FDIC is a party, a case is deemed to arise under the laws of the United States. Id. The case was transferred to the undersigned on July 25, 2014. Dkt. 10. A number of defendants have been dismissed pursuant to prior orders of this Court.

In brief, plaintiff alleges in the FAC that defendants schemed to induce plaintiff to enroll in a fraudulent real estate investment course offered by Allen and Prosper to buy fraudulently marketed properties, from which defendants profited through undisclosed relationships with management and financing companies. Plaintiff alleges that Allen is the co-founder of entities which offer real estate investment instruction. Plaintiff contends that Allen, through multiple incarnations of the same business model, deceptively promoted risky and illegal investment techniques, and fraudulently induced him to pay thousands of dollars to enroll in a real estate investment course. According to plaintiff, Prosper is a corporation affiliated with Allen and other defendants, and after plaintiff was referred to Prosper by Allen, Prosper employees provided plaintiff with training materials and coaching and eventually connected plaintiff with other players in the alleged scheme. Plaintiff asserts that Freedom employees fraudulently induced plaintiff to make a series of real estate investments in Mississippi. Plaintiff also alleges that Allen and other defendants breached an implied contractual duty of good faith and fair dealing by failing to disclose that Freedom and other defendants "were all doing business together" with Prosper, which was "associated with, affiliated and involved in a joint venture business arrangement with . . . Allen."³

On December 23, 2013, just prior to the filing of the FAC, Prosper filed a cross-complaint for breach of contract against plaintiff. Dkt. No. 153 Ex. 1 ("Cross-Complaint"). Prosper alleged in this Cross-Complaint that plaintiff breached an

---

² The FAC named "Millennium Home Loans, an unknown business entity," as a defendant, but did not name Millennium Bank. See generally FAC. However, on May 21, 2014, plaintiff filed in the Superior Court an application to amend the FAC based on an "incorrect name." Dkt. 7-3. This application represented that plaintiff had discovered the true name of "Millennium Home Loans" to be "Millennium Home Loans a/k/a Millennium Bank, N.A." Id.

³ These facts are drawn from the Court's prior orders dated September 15, 2014, dkt. 46, November 10, 2014, dkt. 75, and March 19, 2015, dkt. 160.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Enrollment Agreement he purportedly entered into with Prosper by failing to fulfill his obligations as an enrollee in the course and refusing to mediate or arbitrate this dispute. Id. ¶ 10. Plaintiff filed a demurrer to the Cross-Complaint in the Superior Court, which was overruled. Plaintiff subsequently filed a so-called "Cross-Cross-Complaint," ("CCC") which this Court dismissed on September 15, 2014, on the ground that it impermissibly duplicated claims already raised in the FAC. Dkt. 46. Plaintiff appealed the order dismissing the CCC to the Court of Appeals for the Ninth Circuit. On March 19, 2015, the Court granted Prosper's motion for voluntary dismissal without prejudice of its Cross-Complaint. Dkt. 160.

In May 2014, before this case was removed to federal court, the Superior Court granted summary judgment in favor of defendants Freedom Home Mortgage Corporation ("Freedom"), as well as defendants Allen, Prosper, Inc., Prosper Holdings, Inc., Education Success, Inc., R.A.H.A.D., Inc., and D.A.H.A.R., Inc. (collectively the "Prosper Defendants"). On November 21, 2014, this Court entered judgment in favor of Freedom and the Prosper Defendants. Dkt. 90. On December 19, 2014, plaintiff appealed to the Court of Appeals for the Ninth Circuit the entry of judgment in favor of Freedom and the Prosper Defendants. Dkt. 110.

On April 20, 2017, the Court granted the Prosper Defendants' motion for attorneys' fees on the basis of the indemnity provision of the Enrollment Agreement. Dkt. 288. The Court ordered the Prosper Defendants to submit a supplemental request for attorneys' fees, specifying the amount of costs and fees they seek to recover, documenting the hours expended and the hourly rates of their counsel, and demonstrating that those rates are consistent with those prevailing in the community given the skill, experience, and reputation of the Prosper Defendants' counsel. Id. at 17.

On April 24, 2017, the Prosper Defendants filed their supplemental motion for attorneys' fees and costs. Dkt. 289 ("Motion"). On May 8, 2017, plaintiff filed his opposition. Dkt. 290 ("Opp'n"). On May 17, 2017, the Prosper Defendants filed a reply in support of their motion. Dkt. 291. On the same day, plaintiff filed an objection to the reply. Dkt. 292.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

## II. LEGAL STANDARD

To determine reasonable attorneys' fees, the starting point is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433.  This is called the "lodestar" method.  The fee applicant must submit evidence of the hours worked and the rates claimed.  Id.  Once the fee applicant has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992).  All hours that are not reasonably expended, or that are excessive or redundant, should be excluded. Hensley, 461 U.S. at 434.  "[T]here is a strong presumption that the lodestar represents a reasonable fee." Gates, 987 F.2d at 1397.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)).  In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar based on the factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  These twelve factors are not disputed here and plaintiff's attorneys do not seek a multiplier.

## III. DISCUSSION

The Prosper Defendants assert that they were represented by five attorneys who charged between $130 and $350 per hour, depending on the attorney, and one paralegal who charged between $95 and $125 per hour.  Motion at 4–5.  Specifically, Wm. Kelly Nash, who billed between $275 and $300 per hour, has practiced as an attorney for more than thirty years and has concentrated on business and civil ligation.  Dkt. 289-1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Declaration of Wm. Kelly Nash ("Nash Decl.") ¶ 2. While Nash is a member of the Utah State Bar, he has litigated in numerous federal district courts and state superior courts in California. Id. Jordan Cameron was admitted to practice in 2008 and billed between $150 and $245 per hour. Id. ¶¶ 5, 13. David Tufts, who billed $350 per hour, was admitted to practice in 1995, provided supervision and local coordination, and billed only 2.9 hours on this matter. Id. ¶¶ 5, 13. Kimberly Barnes, who billed $130 per hour, was admitted to practice in 2013. Colin P. Schmutz, who billed between $110 and $170 per hour, served as a law clerk and, upon his admission in 2015, an attorney. Finally, Kim Altamirano, who billed between $95 and $125 per hour, served as a paralegal. Counsel for the Prosper Defendants were first retained in November 2011 and attorneys and paralegals expended 2,168.05 hours on this matter. Id. ¶ 14.

A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008)

After reviewing awards in similar cases, the Court concludes that the hourly rates plaintiff's counsel seeks are reasonable for this case. See, e.g., PSM Holding Corp. v. Nat'l Farm Fin. Corp., No. 05-cv-08891-MMM-FMO, 2015 WL 11652518, at *18 (C.D. Cal. May 19, 2015) (in a fraud and breach of contract case, finding rates between $250 and $550 reasonable for attorneys, and rates between $125 and $175 per hour reasonable for paralegals); see also State Comp. Ins. Fund v. Khan, No. 12-cv-01072-CJC-JCG, 2016 WL 6440138, at *6 (C.D. Cal. July 6, 2016) ("Courts routinely award attorneys' fees for paralegals and case assistants who perform necessary work under the direction of attorneys.").

Counsel for the Prosper Defendants have provided time sheets accounting for the 2,168.05 hours spent defending this action. See Nash Decl. Ex. A. The requested attorneys' fees break down as follows:

| Name | Rate | Hours | Lodestar Amount |
|---|---:|---:|---:|
| Wm. Kelly Nash | $275–$300 | 794.05 | $228,289.37 |
| Jordan Cameron | $150–$245 | 971 | $191,772.50 |
| David Tufts | $350.00 | 2.9 | $1,015.00 |
| Kimberly Barnes | $130.00 | 5.5 | $2,002.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

| Colin P. Schmutz | $110–$170 | 90.9 | $12,726.00 |
|---|---|---|---|
| Kim Altamirano | $95–$125 | 304 | $33,440.00 |
| **TOTAL** | | 2168.35 | $469,244.87 |

Plaintiff argues that the Prosper Defendants are not entitled to recover any attorneys' fees or costs or, in the alternative, that the fees and costs sought should not be granted in the amount requested.

At the outset, plaintiff again argues that the Prosper Defendants are not entitled to recover fees on the basis of the Enrollment Agreement because the Prosper Defendants did not prove that such an agreement existed. Opp'n at 6. The Court has already concluded that plaintiff is estopped from denying the enforceability of the Enrollment Agreement because he attempted to enforce his rights under that agreement when he filed his CCC. Dkt. 288 at 15. Furthermore—and contrary to plaintiff's assertion, see Opp'n at 9–10—the fact that the Court relied on plaintiff's CCC as a basis for finding estoppel does not mean that the Prosper Defendants are entitled to only those fees arising from defending the CCC. The indemnity provision provides:

> You understand and agree to defend, indemnify and hold Prosper, Inc., and its officers, directors, employees, independent contractors, instructors, coaches, and their related companies harmless from an against *all* damages, liabilities, costs, losses, expenses, claims, and/or judgments, including legal costs and reasonable attorney's fees and disbursements which any of them may occur or become obligated to pay *arising out of or resulting from* (I) the activities pursuant to this agreement (with the exception of willful misconduct on the part of Proper, Inc.) and (II) the breach of the User of any of its representation, warranties, covenants, obligations, agreements (with the exception of the breach of/or a default under any other agreement, instrument, order, law or regulation applicable to us or by which it may be bound) and claims of injury or otherwise arising from the sales of any products or services pursuant to this enrollment agreement.

274-4, Ex. A at 3 (emphases added). The Court finds that plaintiff's claims *arose out of* activities pursuant to Enrollment Agreement because plaintiff sued the Prosper Defendants on the basis of their allegedly fraudulent provision of real estate courses and services, which led to plaintiff's failed real estate investments. Thus, the Court finds that indemnity provision entitles the Prosper Defendants to recover attorneys' fees for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

defending against plaintiff's action more broadly, not merely to fees for defending against plaintiff's CCC.

Plaintiff next argues that the Prosper Defendants are not entitled to recover fees on the basis of the Enrollment Agreement because they never sought mediation, as is required under the agreement. Opp'n at 7. However, the Court previously noted that, "to the extent the parties agreed to submit any disputes to mediation and arbitration, DuFour's filing of the original lawsuit would presumably operate as a waiver of any breach of contract claim [for failure to mediate or arbitrate that] DuFour might have had against Prosper and Allen." Dkt. 46 at 16. In determining whether arbitration has been waived pursuant to California law, a court may consider the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1124 (9th Cir. 2008) (quoting Saint Agnes Med. Ctr. v. PacifiCare of California, 82 P.3d 727, 733 (Cal. 2003)). Considering these factors—and noting particularly that plaintiff initiated this litigation more than five years ago and never sought to mediate or arbitrate this dispute—the Court finds that plaintiff waived his right to mediation and arbitration. Plaintiff cannot now rely on the mediation and arbitration provisions of the Enrollment Agreement as a basis to deny attorneys' fees to the Prosper Defendants.

To the extent the Court finds it appropriate to award attorneys' fees at all, plaintiff sets out six reasons to reduce the requested award. Plaintiff first argues that the Prosper Defendants are not entitled to fees for their appeal to the Ninth Circuit because they did not seek fees from the Ninth Circuit. Opp'n at 11. "The case law on this topic appears to be somewhat unsettled in the Ninth Circuit." Van Asdale v. Int'l Game, Tech., No. 3:04-cv-00703-RAM, 2011 WL 2118637, at *11 (D. Nev. May 24, 2011). In Cummings v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Connell, 402 F.3d 936 (9th Cir. 2005), the Ninth Circuit held that, "pursuant to Ninth Circuit Rule 39-1.6, a request for attorney's fees incurred on appeal must be made to us, not to the district court. The district court is not authorized to award attorney's fees for an appeal unless we transfer the fee request to the district court for consideration." Id. at 940. Just seven months later, in Twentieth Century Fox Film Corp. v. Entertainment Distributing, 429 F.3d 869 (9th Cir. 2005), the Ninth Circuit affirmed a district court's award of attorney's fees pursuant for work done on appeal and did not address Cummings. In Natural Resources Defense Council, Inc. v. Winter, 543 F.3d 1152 (9th Cir. 2008), the Ninth Circuit acknowledged the conflict between Cummings and Twentieth Century Fox, but appeared to conclude that Cummings properly stated the rule, absent a statutory provision to the contrary. Id. at 1164. The Winter court affirmed an award for attorneys' fees for work spent preparing an appeal, but only because the Equal Access to Justice Act ("EAJA")—the relevant fee shifting statute—"states that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States *in any court* having jurisdiction of that action.'" Id. (quoting 28 U.S.C. § 2412(d)(1)(A)). Subsequently, district courts have followed Cummings and denied attorneys' fees for time spent preparing an appeal to prevailing parties that did not seek to recover such fees from the appellate court. See Lefay v. Lefay, No. 1:13-cv-01362-AWI-MJS, 2017 WL 1450592, at *3 (E.D. Cal. Apr. 24, 2017) ("On the record before this Court, Plaintiffs did not request a fee award under Ninth Circuit Rule 39-1.6 from the Ninth Circuit, nor did Plaintiffs request a post-appeal transfer under Ninth Circuit Rule 39–1.8. Therefore, in these circumstances, the Court is without authority to award Plaintiffs their appellate attorneys' fees."); Barboza v. California Ass'n of Prof'l Firefighters, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *10 (E.D. Cal. June 3, 2016) ("If a litigant is eligible for fees incurred in an appeal but requests neither a fee award under Rule 39-1.6 nor a post-appeal transfer under Rule 39-1.8, the district court is not authorized to rule on a post-remand request for attorneys' fees incurred on the appeal."); Van Asdale, 2011 WL 2118637, at *14 ("Plaintiffs do not indicate that they made any requests for fees from the circuit court or that they filed a motion to transfer consideration of attorney's fees on appeal. The court recognizes that this may have been an oversight, and that this oversight is met with harsh results; however, the court is without authority to award any appellate fees. Therefore, the court finds that the Plaintiffs are not entitled to attorneys' fees incurred in the course of the appeal."); cf. Greer v. T.F. Thompson & Sons, Inc., No. 10-cv-799-PHX-SMM, 2012 WL 6164960, at *2 (D. Ariz. Dec. 11, 2012) ("Ninth Circuit Rule 39-1.8 . . . authorizes the Ninth Circuit to transfer a request for appellate fees to the district court, 'but the decision to permit the district court to handle the matter rests with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

the court of appeals,' and absent transfer a district court is not authorized to rule on a request for such fees. However, a district court may be authorized to rule on a motion for appellate attorneys' fees where the language of the fee-shifting statute relied on by the moving party allows the district court to award fees for all levels of litigation." (citations omitted)).

On the record before this Court, the Prosper Defendants did not request a fee award from the Ninth Circuit and they did not file a motion to transfer consideration of attorneys' fees on appeal. Furthermore, there is no applicable fee shifting statute, akin to the EAJA, to the contrary of Ninth Circuit Rule 39-1.6 that would allow this Court to award fees for all levels of litigation. Therefore, in these circumstances, the Court is without authority to award the Prosper Defendants their appellate attorneys' fees.

The Court is not in a position to disaggregate which fees and costs relate to the appeal on the present this record. For example, many entries in the Prosper Defendants' billing record appear related to the appeal, but are not expressly designated as such. In addition, individual entries in the billing record contain work related to the appeal *and* work seemingly unrelated to the appeal (i.e., "mixed entries"). See Navarro v. Gen. Nutrition Corp., No. 03-cv-0603-SBA, 2005 WL 2333803, at *11 (N.D. Cal. Sept. 22, 2005) ("[C]ourts frow[n] on block billing where discrete and unrelated tasks are lumped into one entry, as the practice can make it impossible . . . to determine the reasonableness of the hours spent on each task." (quotation marks omitted)). Because the Court cannot discern what portion of these mixed entries is attributable to work performed in connection to the appeal, any allocation would be speculative. Therefore, the Prosper Defendants may not recover any fees for work identified in these mixed entries. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. . . . It was reasonable for the district court to conclude that [plaintiff] failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities." (citation omitted); Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008) (block billing "practices are legitimate grounds for reducing or eliminating certain claimed hours, but not for denying all fees") rev'd on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050 (9th Cir. 2014). Finally, the record of costs does not designate which costs were incurred on appeal. Accordingly, the Court **DIRECTS** the Prosper Defendants to prepare a proposed order awarding fees and costs consistent with this decision, excluding: (a) fees for work performed in connection with the appeal; (b) fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

for mixed entries; and (c) costs incurred on appeal. The Prosper Defendants shall submit therewith timesheet entries between December 19, 2014 (when the Prosper Defendants received notice of plaintiff's appeal) and February 7, 2017 (the date of oral argument before the Ninth Circuit) for work that is *not* related—either in whole or in part—to work performed in connection with the appeal.

Second, plaintiff argues that the Prosper Defendants are not entitled to recover fees for billing and coverage issues between defendants and their attorneys. Opp'n at 11–12. "Accounting, budget, or billing communications are not tasks properly billed to the client. While this may be work requiring an attorney to complete and is not clerical, it is not traditionally time that is paid for by the client, but is overhead work that is subsumed within the attorney's hourly rate." Miller v. Schmitz, No. 1:12-cv-00137-LJO-SAB, 2017 WL 633892, at *9 (E.D. Cal. Feb. 15, 2017) (excluding fees charged for time spent on "accounting and case budgeting" because "this is not reimbursable at an attorney rate"); see Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1044 (D. Haw. 2011) (finding time spent preparing a budget noncompensable); Ko Olina Dev., LLC v. Centex Homes, No. 09-cv-00272-DAE-LEK, 2011 WL 1235548, at *13 (D. Haw. Mar. 29, 2011) (same); Shorter v. Valley Bank & Trust Co., 678 F. Supp. 714, 725 (N.D. Ill. 1988) ("[I]n our experience most lawyers do not bill their fee-paying clients for hours spent preparing bills."). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Hensley, 461 U.S. at 434 (quotation marks omitted). Accordingly, the Court finds that plaintiff is correct that the Prosper Defendants are not entitled to recover fees for billing and coverage issues, including communications regarding such matters. As noted above, individual entries in the billing record are mixed: work related to billing, budgeting, and coverage *and* work unrelated to such matters are listed together within single entries. The Court therefore **DIRECTS** that the Prosper Defendants' proposed order exclude: (a) fees for time spent managing billing, budget, and coverage issues (including communications regarding such matters); (b) fees for mixed entries; and (c) costs incurred for billing, budget, and coverage work.

Third, plaintiff argues that the Prosper Defendants are not entitled to fees for reinstating defendant D.A.H.A.R.'s corporate status. Opp'n at 12. However, a corporate entity lacks the capacity to be sued, and may not come into court, if it is not incorporated. See Fed. R. Civ. P. 17(b)(2); Xcel Data Sys., Inc. v. Best, No. 1:08-cv-00613-OWW-GSA, 2009 WL 943780, at *1 n.1 (E.D. Cal. Apr. 7, 2009). The Court therefore finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

that fees incurred to reinstate D.A.H.A.R. were necessary to the Prosper Defendants' defense of plaintiff's action and the Prosper Defendants may recover such fees.

Fourth, plaintiff argues that the Prosper Defendants are not entitled to recover fees for a renewed petition to compel arbitration that they ultimately did not file. Opp'n at 12–13. The parties dispute the Prosper Defendants' motivations for deciding not to file such a motion. Regardless of such motivations, "extensive authority supports awarding fees for time spent on unfiled motions." Charlebois v. Angels Baseball LP, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012) (Carter, J.) (collecting cases); see also De La Riva Const., Inc. v. Marcon Eng'g, Inc., No. 11-cv -52-MMA DHB, 2014 WL 794807, at *6 (S.D. Cal. Feb. 27, 2014) ("Both parties acknowledge that whether to award attorneys' fees for an unfiled motion is within the Court's discretion."); but see James v. City & Cty. of Honolulu, No. 13-cv-00397 JMS, 2014 WL 6908313, at *12 (D. Haw. Dec. 8, 2014) ("[T]his Court is persuaded by the case cited by Defendant, which provides that 'time spent on a pleading that was never filed does not advance the case and is not chargeable.'" (quoting Brother v. Int'l Beach Club Condo. Ass'n, Inc., No. 04-cv-444-ORL-DAB, 2005 WL 1027240 (M.D. Fla. 2005))). Consistent with the weight of authority in this Circuit, the Court finds that the Prosper Defendants may recover fees for their unfiled renewed petition to compel arbitration because the Court has "no reason to doubt" the Prosper Defendants' representation that the work was "reasonably related" to the case at hand. See Marbled Murrelet v. Pac. Lumber Co., 163 F.R.D. 308, 327 (N.D. Cal. 1995).

Fifth, plaintiff argues that the Prosper Defendants are not entitled to recover fees for their Cross-Complaint, which the Prosper Defendants voluntarily dismissed. Opp'n at 12. Consistent with the rule as to unfiled motions, the Court finds it is appropriate for the Prosper Defendants to recover fees for time spent on the voluntarily dismissed Cross-Complaint because the work was reasonably related to the case at hand, there is no evidence it was filed in bad faith, and withdrawing the Cross-Complaint may have been part of the Prosper Defendants' overall legal strategy. See Lantz v. Kreider, No. 3:05-cv-00207-VPC, 2010 WL 2609080, at *2 (D. Nev. June 25, 2010) (permitting plaintiffs to recover fees, even though they voluntarily dismissed claims before trial as part of an overall strategy, because "[t]he dismissal of valid claims in order to create a more compelling and comprehensible case for the jury is well within the discretion of the plaintiff").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:14-cv-05616-CAS(SSx) | Date | May 22, 2017 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN ET AL. | | |

Sixth, plaintiff argues that the Prosper Defendants are not entitled to recover fees for a Rule 11 sanctions motion that they lost. Opp'n at 13. However, the Prosper Defendants did not file a motion for sanctions. Rather, they spent time reviewing sanctions motions filed by co-defendants, as is noted in the Prosper Defendants' billing record. See Nash Decl. Ex. A.; dkts. 37, 42. Accordingly, Prosper Defendants may recover such fees.

## IV.  CONCLUSION

In accordance with the foregoing, the Court finds reasonable the hourly rates charged by the Prosper Defendants. The Court **DIRECTS** the Prosper Defendants to submit a proposed form of order consistent with this decision on or before June 5, 2017. Thereafter, the matter will be taken under submission.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |